(125 App. Div. 743.)

## EGAN v. ENGEMAN.

(Supreme Court, Appellate Division, First Department.   May 8, 1908.)

1. MORTGAGES—CONVEYANCE TO MORTGAGEE—CLAUSE AGAINST MERGER—EF-
   FECT.
     Where defendant's intestate mortgaged realty, and subsequently con-
   veyed the property to the mortgagee, subject to the mortgage, by convey-
   ance providing that the mortgage was not to merge in the fee, but to re-
   main as an existing and enforceable lien for the amount thereof, etc.,
   the effect was to make the mortgaged premises a primary fund for the
   payment of the debt as between the parties, and the mortgagee will not
   be permitted to recover in the first instance the entire amount of the
   liability on the bond which the mortgage was given to secure, even
   though defendant would be entitled to an assignment of the bond and
   mortgage, and might reimburse herself by foreclosure to the extent of
   the amount realized on a sale of the interest conveyed, for the action
   is between the parties, and the plaintiff must by foreclosure apply his
   interest in the premises to the payment of the debt secured.

2. SAME—FORECLOSURE BY ACTION—EFFECT OF PLAINTIFF'S HOLDING TITLE.
     The fact that plaintiff holds title to the premises will not prevent fore-
   closure, for he would not be demanding relief against himself, and prob-
   ably would not even have to make himself a defendant; for, if the fact
   that he was the holder of the record title was shown, the record would
   show that his rights were cut off by judgment.

3. SAME—CONVEYANCE TO MORTGAGEE—PROVISIONS AGAINST MERGER—CON-
   STRUCTION.
     A conveyance of mortgaged premises to the mortgagee subject to the
   mortgage, and containing a provision against merger, negatives the de-
   fense of a discharge of the mortgage by the conveyance.

Appeal from Special Term.

Action by John T. Egan against Elizabeth G. Engeman, as executrix
of the estate of George H. Engeman.   From a judgment dismissing
the complaint, plaintiff appeals.   Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-
TON, and SCOTT, JJ.

A. S. Gilbert, for appellant.
Albert I. Sire, for respondent.

LAUGHLIN, J.   This is an action upon a bond given for money
loaned which was secured by a mortgage on real estate in the county
of Kings.   The bond and mortgage were executed by the defendant's
testator to plaintiff on the 1st day of December, 1894.   On the 21st
day of March, 1898, the obligor and mortgagor, who was then the
owner of the equity of redemption in the mortgaged premises, convey-
ed the same to plaintiff, who then owned the bond and mortgage.   The
consideration recited in the deed was "one dollar and other good and
valuable consideration."   The conveyance was made subject to the
mortgage, and also subject to a mortgage for $9,000, which, although
subsequent in date, became by virtue of an agreement between the
parties subordinating the lien of plaintiff's mortgage thereto, a prior
mortgage.   The plaintiff, as grantee, did not assume or agree to pay
the mortgages, but the conveyance contained a clause designed to
prevent the merger of the mortgage held by the plaintiff, as follows:

"It is expressly understood and agreed that said mortgage made to the party hereto of the second part is not to merge in the fee of said premises but is to remain and continue as an existing and enforceable lien for the amount thereof and the interest thereon and for the amount paid by said party of the second part for taxes on said property and for interest and foreclosure costs paid by him on said prior mortgage."

The rule is well settled that the effect of this clause was to constitute the mortgaged premises, as between the parties, the primary fund for the payment of the debt. The conveyance having been made to the obligor and mortgagor, who still holds the title and also the bond and mortgage, it is manifest that the rule will be violated if the plaintiff be permitted to recover in the first instance the entire amount of the liability on the bond, even though the defendant would then, as is conceded by the learned counsel for the appellant, be entitled to an assignment of the bond and mortgage, and might foreclose the mortgage and reimburse herself as executrix to the extent of the amount realized on a sale of the interest conveyed, which was the equity of redemption. This action is between the parties. It would therefore seem that the plaintiff must first apply his interest in the premises to the payment of the debt secured by the mortgage by foreclosing the mortgage. The fact that the plaintiff holds the title to the premises is not an insuperable obstacle to his foreclosing the mortgage. The objection that he would thereby be suing himself would not be fatal to such an action. He would not by foreclosing the mortgage be demanding any relief against himself. He would merely be proceeding against the property, and selling his own interest therein. It would probably be unnecessary to even in form make himself a defendant; for, if the fact that he was the holder of the record title and the party to whom the conveyance was made were alleged and proved, the record would show that his rights in the premises were cut off by the judgment. The answer interposes the further defense that the effect of the conveyance was to discharge the debt. It appears to have been the intention of the parties, by the clause in the conveyance, to preserve the debt.

It follows that the judgment should be affirmed, with costs.

CLARKE, HOUGHTON, and SCOTT, JJ., concur.

INGRAHAM, J. (concurring). I concur with Mr. Justice LAUGHLIN. By the conveyance of the mortgaged property to the mortgagee, but for the covenant in the deed, the mortgage would have merged in the fee; but it does not follow that the obligation on the bond would have been destroyed. The estate of the mortgagee being a lesser estate than the fee, and the same person being seized of both estates, the lesser necessarily merged in the greater. The covenant, however, prevented that merger, so that at law the plaintiff owned the entire estate, but in equity the mortgage still remained an existing lien. The fact that it remained a lien necessarily involved the continuance of the obligation upon the bond, for there could be no lien except to secure the payment of an existing indebtedness, and that indebtedness was represented by the bond. It would seem, therefore, that at law

the obligation of the bond still existed. Upon the conveyance of the mortgaged premises by the mortgagor, however, it became the primary fund for the payment of the mortgage; but the right of the mortgagee to resort to the bond of the payment of the debt was not affected or impaired by the conveyance. Calve v. Davies, 73 N. Y. 211, 29 Am. Rep. 130. It was also held in that case that the mortgagor could not by any dealings or contract with a third party change the right of the creditor to proceed on the bond or compel him to resort in the first instance to the land, but here the dealings were between the mortgagor and the mortgagee, and the mortgagee by accepting the conveyance of the land, but retaining the lien of the mortgage, was bound in equity to proceed to foreclose that lien before resorting to the obligation of the mortgagor upon the bond. I think, therefore, that there was a good equitable defense to a suit upon the bond until the plaintiff had exhausted his remedy upon the land, the primary security, and that, defense having been set up in the answer, the court was justified in postponing the enforcement of the bond until the mortgagee had exhausted his remedy as against the primary security for the payment of the mortgage.