MARJORIE DEE WOODARD, Respondent, v. CHARLES P. MADSEN, Appellant.

Supreme Court, Appellate Term, First Department, March 18, 1926.

Bills and notes — action to recover $800 alleged balance due — original loan was for $2,000 and note for $4,000 was given as security — partial payment made and renewal note given — plaintiff is not entitled to recover in absence of production and surrender of note — usury shown.

In an action to recover $800 alleged to be the balance due on a loan for which a promissory note for $4,000 was given as security, in which it appears that $1,200 was paid on the original note and a renewal note for $2,800 was given for the

balance, the plaintiff is not entitled to recover on the debt without the production and surrender of the renewal note.

The defense of usury is established in this case and the plaintiff is not entitled to recover on the debt or on the note.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Fourth District, in favor of the plaintiff.

*Charles J. Holland,* for the appellant.

*Irwin Isaacs,* for the respondent.

PER CURIAM. On January 26, 1923, the plaintiff loaned to the defendant the sum of $2,000 and took back as security the defendant's promissory note for $4,000, payable one year from date. Before the due date the defendant paid $1,200 on account of said loan. Plaintiff thereupon returned the $4,000 note and took from the defendant a renewal note for $2,800 representing the balance unpaid on the $4,000 note. The plaintiff instituted this action to recover the remaining sum of $800 which represents the balance due on the amount actually loaned to the defendant. The defendant's note for $2,800 outstanding and in possession of the plaintiff was not produced at the trial nor surrendered to the defendant before the trial. In fact, plaintiff declined to produce it. Yet the court below granted judgment to plaintiff. We may assume that a payee of a note may sue the maker upon the debt instead of relying upon the security providing, of course, that the day of maturity has arrived. But such an action cannot be successfully maintained unless the note is produced and surrender proffered upon liquidation of the debt or its non-production accounted for and excused. The necessity for such a rule is too manifest to require further comment.

If the transaction in which the note was given as security was infected with usury, the usury will defeat recovery whether the suit is based on the debt or the security. The security is void where usurious interest is exacted even in the hands of a holder in due course. (*Sabine* v. *Paine,* 223 N. Y. 401; General Business Law, § 373.) In the instant case the defense of usury was interposed. In granting judgment to plaintiff the court stated no grounds for its conclusion. The complaint should have been dismissed for failure of proof because of plaintiff's failure to produce the note given as security.

We also have reached the conclusion that the defendant by convincing proof established that the transaction involved in this litigation was infected with usury and a contrary finding by the court below is against the weight of the evidence. The plaintiff's claim that the $2,000 in addition to the actual loan was given as a commission to her husband for services in persuading her to

loan the money to defendant strains credulity to the breaking point. An exaction of 100 per cent interest by whatever name it may be called, is unconscionable, the transaction illegal and the security given a nullity.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, WAGNER, LYDON and LEVY, JJ.