OTTO W. SCHOENFELDER, Respondent, v. ALEX M. BREMER, Appellant.

First Department, November 17, 1933.

*Walter J. Ryan*, for the appellant.

*William J. Martin* of counsel [*O'Grady & McGahan*, attorneys], for the respondent.

MERRELL, J. Plaintiff brought this action to recover of defendant the sum of $2,300, besides interest, which sum the plaintiff loaned to defendant on November 12, 1931. At the time said moneys were loaned by plaintiff to defendant, the defendant made and delivered to plaintiff his promissory note for $2,800, payable in thirty days, with interest at six per cent per annum. There is no dispute as to the facts above stated. The plaintiff testified that the defendant applied to him for a loan of $2,300 in order to save property of a friend about to be sold at foreclosure sale, and that the defendant told him he expected to make a profit in the transaction, and that he would divide the profit with him. The defendant testified that when he applied to plaintiff for the loan, the plaintiff asked him what there was in it for him (plaintiff), and that it was finally agreed that for the accommodation the plaintiff should receive $500 from the defendant, and that thereupon the plaintiff prepared the note for $2,800, which he compelled the

defendant to sign before he would deliver a check for $2,300 to the defendant. Plaintiff testified that he was not interested in the note for $2,800, but was only interested in obtaining the payment of the sum of $2,300 which he was then loaning to the defendant. The answer of the defendant sets up the defense of usury, in that the plaintiff exacted the note for $2,800 and interest for the loan of $2,300. At the trial the plaintiff failed to produce the $2,800 note, claiming that he had mislaid it and that he was unable to find it after diligent search among his papers. Upon the trial it was stipulated that, being a nonjury case, findings of fact and conclusions of law were waived, and that the court might direct a verdict with the same force and effect as though a jury was present. After the case was submitted to the court, a verdict was directed in favor of plaintiff and against defendant for $2,300, besides interest, upon which the judgment appealed from was entered. There was introduced in evidence at the trial a letter, dated May 20, 1932, addressed to the defendant and signed by an attorney for the plaintiff, stating that the plaintiff had placed in the hands of the attorney for collection the note given by the defendant and dated November 12, 1931, for $2,800. In this letter the writer stated that the plaintiff advised the writer that he had made a number of attempts to effect collection of this note without success. In the said letter the writer further stated that the plaintiff advised him that he had offered to have the defendant settle the matter by paying $2,300, with interest at six per cent on said amount to date, and called upon the defendant to forward his check for the amount of $2,300, with interest, and stating that unless the writer heard from the defendant on or before May 27, 1932, he would be obliged to commence proceedings against the defendant for the full amount of the note. At the trial the plaintiff admitted that he had spoken to this attorney about the collection of the note in May, 1932. Upon the letter being shown to the plaintiff, the latter admitted that it was signed by his then attorney. Plaintiff further admitted that he received the note for $2,800 for the loan of $2,300.

We are of the opinion that the court erred in denying defendant's motion for dismissal of the complaint made at the close of the plaintiff's case and renewed at the close of the evidence. The transaction was clearly usurious, and the mere fact that the plaintiff sought to recover of the defendant only the amount actually loaned does not remove the taint of usury surrounding the transaction. The case at bar is entirely similar to that of *Woodard* v. *Madsen* (127 Misc. 19; affd. without opinion by this court, 218 App. Div. 832). In the *Woodard* case the plaintiff loaned the defendant

$2,000 and obtained from defendant a promissory note for $4,000 due in one year. Prior to the maturity of the note the defendant paid the plaintiff on account $1,200. Thereupon the plaintiff returned the original note for $4,000 and took a renewal note from the defendant for $2,800. Subsequently the plaintiff brought action to recover the sum of $800, the balance of the amount actually loaned. In that case, as in the case at bar, the note given by defendant to the plaintiff was not produced. The case was first tried in Municipal Court, where the plaintiff recovered judgment. On appeal to the Appellate Term that court held the transaction usurious, and reversed the judgment in favor of the plaintiff in the Municipal Court, and dismissed the complaint. On appeal to this court the determination of the Appellate Term was unanimously affirmed. The facts were precisely like those in the case at bar. The taking of the note for $2,800 for the loan by plaintiff to defendant of $2,300 constituted a usurious transaction.

The judgment appealed from should be reversed, with costs, and judgment granted for defendant, with costs.

FINCH, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the defendant, with costs.