## ARIEL REALTY CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 13.

Circuit Court of Appeals, Second Circuit.

Nov. 12, 1940.

Milton M. Davis, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner, a New York corporation, sold to the Homelone Realty Corporation in 1928 a parcel of unimproved land in the Bronx, New York City, for $28,500. The purchaser then paid $7,500 in cash and gave the petitioner its bond for the remainder payable December 31, 1931 and secured by a duly recorded mortgage on the land. The maturity date of the bond was later extended to December 31, 1933.

By 1932 the mortgagor was in default in the payment of taxes on the land due to the City of New York and an arrangement between it and the mortgagee resulted in its deeding the property to the Kabee Realty Company subject to the mortgage

and its receipt from Kabee Realty Company of an option to repurchase the land on or before August 31, 1932. At that time condemnation proceedings involving a portion of the land were pending and Kabee Realty Company, which was acting as a nominal holder of the title for the benefit of both the mortgagor and mortgagee, took an assignment from Homelone Realty Corporation of the proceeds of any award; it being the agreement that if any award was paid before the expiration of the option that it should be applied to the reduction of the amount due on the mortgage.

The option expired and on December 7, 1932 Kabee Realty Company conveyed the property, subject to all liens and encumbrances of record, to the Busk Realty Company, Inc., and on the same day the latter conveyed it to the petitioner subject to the mortgage with the express agreement that this conveyance should not be a merger but that the mortgage debt should remain unsatisfied. Neither of these deeds was recorded and the mortgage was kept in existence so that a resale might be made subject to the mortgage, if that should be desired, and the trouble and expense of executing a new mortgage be made unnecessary.

In 1932, Kabee Realty Company assigned the proceeds of the condemnation award to the petitioner. Three hundred square feet across the front of the property had been condemned in 1931 and the award amounting with interest to $4,708.32 was paid to the petitioner in 1934.

The petitioner kept a cash book as its only book of account and no entry was ever made in it to show when the land was repossessed in satisfaction of the balance due on the bond secured by the mortgage. It, however, filed an income tax return for 1933 in which it included a statement showing that a deferred profit of $10,349.28 on an installment sale was written off in that year. This amount was the remainder of the deferred profit on the land sold in 1928 based upon the selling price of $28,500 and a computed profit of $14,194.28 of which $3,735 had been reported on the installment basis in 1928 and the rest deferred.

The Commissioner determined the deficiency under the provisions of Sec. 44(d) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 497, and T.R. 77; Art. 353, as amended, by treating the installment obligation as satisfied in 1933 at other than its face value by the surrender of the property to the petitioner in discharge of the obligation. The Board of Tax Appeals sustained the Commissioner with a modification only as to the fair market value of the land when it was accepted in 1933 in discharge of the installment obligation. It reduced that value from $19,500 to $18,250 and determined an income tax deficiency of $823.74.

The issues raised by the petition for review are (1) whether there was substantial evidence to support the finding that the installment obligation was discharged in 1933 and not in 1932 as petitioner claims and (2) whether there was substantial evidence to support the finding that the fair market value of the land was $18,250 in 1933.

■ While the evidence is rather meager on both these points, we think it was sufficient. The income tax return filed for 1933 shows the write-off in that year of the remainder of the deferred profit on the installment obligation. It also shows an increase in the value of land held of a little more than the deferred profit. The petitioner kept no books showing any repossession of the land in 1932 in discharge of the installment obligation. Its return for 1932 did not reflect any such transaction and the deed it took of the property in that year expressly provided for the keeping of the mortgage unsatisfied. All this pointed so surely to the occurrence of some transaction in 1933 under which the petitioner then discharged the installment obligation in return for the land that the finding of the Board to that effect should be accepted by us as supported by the evidence. Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Bedell v. Commissioner, 2 Cir., 30 F.2d 622.

■ The fair market value of the land in 1933 as found by the Board was also supported by the evidence. In 1931 the condemnation was based on a valuation of $5 per square foot for the entire parcel. The Board was justified in accepting that, as it did, as the fair market value in 1933 as there was no evidence of any decrease in value between 1931 and 1933 which it was bound to credit. There was the opinion of an expert witness that it was worth less and the testimony of the petitioner's treasurer that it was worth only $10,000. It was, however, within the province of the Board to weigh this opin-

ion evidence with the other evidence of value and make a just appraisal. Uncasville Mfg. Co. v. Commissioner, 2 Cir., 55 F.2d 893. As its findings were based upon substantial evidence, they are binding upon us.