ACHILLES H. KOHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24414. Promulgated May 4, 1951.

*Morris Back, Esq.*, for the petitioner.
*Robert M. Willan, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* The respondent has determined a deficiency of $3,262.70 in petitioner's income tax for 1944. One of the two issues presented by the pleadings has been settled by stipulation. The remaining issue involves a loss deduction claimed on the sale of a parcel of improved real estate.

The essential facts have been stipulated and are found as set out in the written stipulation.

On December 12, 1930, petitioner acquired by gift from his mother a bond and mortgage on a parcel of real estate known as 2240 Cedar Avenue, Bronx, New York, of $12,000 to secure a loan which she had made in 1930 to Beilin Service Corporation.

On June 12, 1935, Beilin Service Corporation deeded the property to petitioner under an agreement whereby petitioner agreed to pay, and did pay soon thereafter, a tax arrearage against the property of $1,303.94, and the mortgagor was to be permitted to continue to occupy the premises at a rental of $35 per month. In acquiring title to the property petitioner incurred expenses and fees of $38.09.

The property was conveyed to petitioner subject to the first mortgage which he then held and without any release of the mortgagor's obligation on the bond and mortgage. The deed of conveyance specifically provided that the mortgage was not intended to merge in the fee.

The parties have stipulated that the bond and mortgage had a value when acquired by petitioner of $12,000 and that the property had a net value when deeded to the petitioner in 1935 of $10,000.

On November 9, 1944, petitioner sold the property for $7,000, of which $2,500 was paid in cash and the balance by reducing the existing mortgage, which the purchaser assumed, to $4,500. In making the sale the petitioner paid broker's commissions and other expenses amounting to $552.75, making the net amount received by him $6,447.25.

The parties further stipulated that if this Court should decide that the fair market value of the land and building when acquired by the petitioner in 1935, as adjusted by depreciation allowed or allowable, shall be the basis for measuring gain or loss on the sale in 1944, the amount of petitioner's loss on the sale is $389.42.

The narrow question here presented is the basis for computing petitioner's loss on the sale of the Cedar Avenue property. The proper basis, as the parties agree, is the adjusted cost basis determined under section 113 (a), (b), Internal Revenue Code. The respondent has determined that this basis is $6,836.67, which is the fair market value of the property at the time petitioner acquired it from the mortgagor in partial satisfaction of the mortgage debt adjusted for depreciation allowed or allowable. Petitioner contends that the mortgage basis is

the amount of his donor's original $12,000 loan on the property, plus the taxes and incidental expenses up to the time he acquired title to the property. Petitioner used that basis, $12,000 plus taxes, for computing depreciation deductions on the property in his returns for the years 1935 to 1944.

Petitioner contends that there was no closed transaction with respect to the mortgage loan which his mother made on the property until he sold the property in 1944.

Ordinarily, a taxpayer who, by mortgage foreclosure or by voluntary conveyance, acquires title to property securing the mortgage loan reduces the indebtedness by the amount of the fair market value of the property so acquired and is entitled to charge off the balance of the mortgage indebtedness as a bad debt owing to the extent that it is shown to be uncollectible. See *Bingham* v. *Commissioner*, 105 F. 2d 971; *Commissioner* v. *Spreckels*, 120 F. 2d 517; and *John H. Wood Co.*, 46 B. T. A. 895. The basis for computing gain or loss upon a subsequent sale of the property is its fair market value when so acquired, adjusted to the date of sale.

The petitioner argues that the rule of these cases is not applicable where, as here, the mortgage obligation is not satisfied or extinguished at the time the property is acquired.

There is no merit in that contention. The unsatisfied portion of the mortgage obligation continues as an unsecured debt of the mortgagor. It can be deducted, as a bad debt, only in the year when it becomes worthless. See section 23 (k) (1), Internal Revenue Code. The evidence before us does not show when the debt in question became worthless and petitioner does not claim any bad debt deduction.

The respondent is sustained on his adjustment of the deduction claimed.

*Decision will be entered under Rule 50.*