### KOHN v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 224, Docket 22235.

United States Court of Appeals
Second Circuit.

Argued May 7, 1952.

Decided June 16, 1952.

Samuel Brodsky, New York City (Aranow, Brodsky, Einhorn & Dann and William M. Kaplan, all of New York City, on the brief), for petitioner-appellant.

L. W. Post, Sp. Asst. to Atty. Gen. (Ellis N. Slack, Acting Asst. to Atty. Gen., and Lee A. Jackson, Sp. Asst. to Atty. Gen., on the brief), for respondent-appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is a petition for review of a decision of the Tax Court of the United States, 16 T.C. 960, finding a deficiency of $2,336.76 in the taxpayer's income tax for 1944. The question turns upon the proper valuation—in computation of a capital loss—of mortgaged property eventually conveyed by the mortgagor to taxpayer as mortgagee. The original loan had been made by taxpayer's mother in the sum of $12,000 to Beilin Service Corporation and was secured by mortgage on realty of the latter. In 1930, taxpayer acquired the bond and mortgage by gift from his mother. On June 12, 1935, Beilin, the mortgagor, conveyed the property to taxpayer by a deed which provided that the mortgage should not merge in the fee. It is stipulated that, at the time of this conveyance, the market value of the property was $10,000. Taxpayer then paid certain accrued taxes in the amount of $1,303.94, thus increasing the indebtedness by this amount, and leased the property back to Beilin. During the next seven years he deducted depreciation of $3,250. On November 9, 1944, taxpayer sold the property for $7,000, minus certain expenses of $552.75. He claims a capital loss computed by taking as the basis for it the amount of the original debt, plus the unpaid tax arrears and adjusted for depreciation. It is the Commissioner's position, however, as accepted by the Tax Court, that the basis should be the value of the property when received, minus depreciation.

C. I. R. v. Spreckels, 9 Cir., 120 F.2d 517, Bingham v. C. I. R., 2 Cir., 105 F.2d 971, and C. I. R. v. National Bank of Commerce of San Antonio, Tex., 5 Cir., 112 F.2d 946, quite firmly establish that when the mortgagee-creditor receives a voluntary conveyance of mortgaged property in exchange for his relinquishment of the debtor-mortgagor's obligation, the contemporary value of the property constitutes payment in full. Where this value is less than the obligation satisfied, there results a loss for a worthless debt deductible during the year and to the extent that it is found worthless. It is therefore generally assumed, as stated by I. T. 3548, 1942–1 Cum.Bull. 74, that since the market value determines the bad debt deduction, it must also establish the basis to be used in the computation of later capital transactions. See 1 Montgomery's Federal Taxes, Corporations and Partnerships 496–497, 1951–1952; 3 Mertens, Law of Federal Income Taxation § 22.19, 1942; Brown, Mortgagee's Tax Liability, 25 Taxes 1085, 1947; Paul and Allen, Federal Income Tax Problems of Mortgagors and Mortgagees, in Paul, Studies in Federal

Taxation 296, 341–345, 3d Series, 1940; John H. Wood Co. v. C. I. R., 46 B.T.A. 895; and U.S.Treas.Reg. 111, § 29.23 (k)–3, dealing with an uncollectible deficiency upon sale of mortgaged property.

Taxpayer argues, however, that the provision in the conveyance against merger of the fee and the mortgage sets this case apart from the Spreckels doctrine. It is apparently settled under New York law that such a provision prevents the conveyance from discharging the mortgagor. The property becomes merely a primary fund; and that portion of the debt which remains unsatisfied, equivalent to the excess of the debt over the value of the property, may be pursued and recovered of the mortgagor. Abbott v. Curran, 98 N.Y. 665; Eagan v. Engeman, 125 App.Div. 743, 110 N.Y.S. 366. Applying this doctrine to the case at bar, taxpayer argues that the transaction remained "open" following the transfer in 1935 and that a bad debt deduction, on which the Spreckels rationale depends, was consequently unavailable to him. Hence, since the difference between the value of the property and mortgage debt was not thus accounted for taxwise at the time of the conveyance, it must be included in the basis for purposes of a subsequent resale capital transaction.

■ It may be noted that this anti-merger provision was not originally the product of any such legally substantial consideration. It was largely one of form, as taxpayer himself testified, inserted in accordance with the practice of the law firm of which he is a member, in order to simplify removal of liens and to obviate the necessity of a new title policy and a subsequent mortgage and a state mortgage tax on resale. See Ariel Realty Co. v. C. I. R., 2 Cir., 115 F.2d 659, 660. In fact, he admitted that, even when such a provision was unsatisfactory to a transferring mortgagor who wanted the conveyance to act as a complete discharge, the firm preferred to grant a covenant not to sue on the personal obligation, rather than change the form of the usual conveyance. Needless to say, the federal courts are traditionally reluctant to a course of decision making the application of the Internal Revenue Code to turn upon insubstantial niceties of legal draftsmanship which have no real function for the parties. "Taxation should move in an atmosphere of practical realities rather than amid the intricate and wooden concepts of local property law." Paul, The Effect on Federal Taxation of Local Rules of Property, in Selected Studies in Federal Taxation 1, 21, 2d Series, 1938.

■ We are disposed to reject taxpayer's theory on other grounds, however. It rests on the premise that the bad debt deduction and the transfer must be contemporaneous. We do not agree. Certainly there is nothing direct in the Spreckels case to support this, nor anything inherent in its rationale that makes it inapplicable to the situation where the excess of the debt becomes uncollectible only several years after the transfer. The statute, in fact, introduces just such flexibility, permitting a bad debt deduction whenever the debt "become[s] worthless within the taxable year." I.R.C. § 23(k) (1), 26 U.S.C.A. § 23(k) (1); Raffold Process Corp. v. C. I. R., 1 Cir., 153 F.2d 168, 171, and cases cited. Hence we see no reason why taxpayer might not have claimed a § 23(k) deduction during one of the years up to the date of resale, for certainly the surplus portion of the debt became worthless sometime during that period.

The amount of such deduction for a worthless debt is the amount by which the mortgagee has been underpaid. Normally that will be the amount by which the debt exceeds the property at the time of transfer. For at that time the property becomes the mortgagee's; as here, the taxpayer, from 1935 on, collected rent, arranged for resale, and in fact took the depreciation as a personal deduction until he sold it. Such, too, is the rule as indicated by the New York cases. Central Hanover Bank & Trust Co. v. Roslyn Estates, 266 App.Div. 244, 42 N.Y.S.2d 130, affirmed 293 N.Y. 680, 56 N.E.2d 295; Harrison v. Hall, 239 N.Y. 51, 145 N.E. 737; Egan v. Engeman, 125 App. Div. 743, 110 N.Y.S. 366. It appears, however, that in that state when the mortgage is not merged in the fee, final termination of

the relationship between the parties may still be effected by foreclosure; whether, in that event, the valuation is of the date of the transfer or of the ultimate foreclosure is not made clear. Egan v. Engeman, supra. The caveat we thus suggest as to the New York law has no bearing here where the property was falling in value to an ultimate $7,000 on resale in 1944, and the taxpayer for obvious reasons does not seek the low valuation. Nor does it affect the rationale. That depends, as we have seen, on recognition of the possibility in this situation of a deduction for a worthless debt (where shown), and the consequent rejection of the premise that the base value of the property must be identical with the face value of the mortgage debt at the time of the conveyance to the mortgagee.

Decision affirmed.