■ CHEMICAL BANK NEW YORK TRUST COMPANY, Appellant, v. HARVEY BATTER, Respondent.— Order entered July 12, 1968, reversed on the law and plaintiff's motion for summary judgment in its favor for the relief sought in the complaint and to strike the counterclaim is granted, without costs or disbursements, and without prejudice to defendant's right to an independent action on his counterclaim. On January 25, 1968, two promissory notes previously given by defendant to plaintiff were in default and plaintiff took possession of a Buick automobile pledged as security. Defendant offered to redeem the vehicle by payment of the past due installments on the later of the two notes (the one of 6/23/67) He refused plaintiff's demand to make four payments in default on the September 1966 note. Under the terms of the June 23, 1967 note, the automobile was to be collateral security for the payment of the note " and of all other liabilites and obligations " owed to the bank. By the security agreement, defendant authorized plaintiff to repossess the automobile on default of any obligation. Thus, plaintiff, on January 25, 1968, had the right to demand payment on both defaulted loans before returning the automobile. Defendant has not demonstrated the existence of any triable issue, and it was error to deny plaintiff's motion for summary judgment. In his answer defendant pleads a counterclaim. By the terms of the note of June 23, 1967, defendant expressly waived his right to interpose any counterclaim in this action. Such a waiver may be enforced and is not against public policy. (See *De Roll Iron Works* v. *Webb & Knapp,* 36 Misc 2d 216, 217.) Hence, the counterclaim should have been stricken, without prejudice. Costs have been denied because the record suggests no reason why this action was not brought in the Civil Court. (See *Midtown Com-*

*mercial Corp.* v. *Kelner,* 29 A D 2d 349; *Trussell* v. *Strongo,* 29 A D 2d 851.) Concur — Stevens, P. J., Eager, Markewich, Nunez and Steuer, JJ.