NEW YORK CONFERENCE ASSOCIATION OF 7TH DAY ADVENTISTS OF SYRACUSE, NEW YORK, Appellant, *v.* 915 JAMES STREET ASSOCIATES, LTD., et al., Respondents. (Three Actions.)

Fourth Department, February 17, 1972.

*Byrne, Costello & O'Brien, P. C. (John J. Costello* of counsel), for appellant.

*Hancock, Estabrook, Ryan, Shove & Hust (Donald J. Kemple* of counsel), for respondents.

MARSH, J. This is an appeal from an order which denied plaintiff's motion for summary judgment in action No. 3 between the parties.

Plaintiff seeks to recover an indebtedness alleged to be due on an obligation secured by a purchase-money mortgage on certain property in Syracuse. For a complete affirmative defense defendants allege an oral agreement under which plaintiff temporarily retained possession and use of a portion of the mortgaged premises in return for its promise to maintain and protect a building on the premises and insure the same against loss by fire. They further allege that plaintiff failed to insure the premises, that a fire occurred in the building, substantially diminishing the value thereof, and that by reason of its failure to insure the premises, plaintiff is estopped from seeking recovery on the mortgage debt and must first satisfy its claim through foreclosure and sale of the mortgaged premises.

Plaintiff urges that the parol evidence rule would prevent proof of the oral agreement of plaintiff to insure during its occupancy of the building on the premises which, it is claimed, was contemporaneous with the execution of the written purchase contract and bond and mortgage under which the obligation to insure was imposed on the defendants.

With respect to the positions of the parties concerning the obtaining of fire insurance, application of the doctrine of equitable estoppel stated in *Imperator Realty Co.* v. *Tull* (228 N. Y. 447) estops plaintiff from denying the validity of its contemporaneous oral agreement to insure. In *Imperator Realty Co.* v. *Tull* (*supra*) defendant and plaintiff signed an integrated contract for the exchange of real estate and at the same time made a contemporaneous oral agreement that should there appear any violation of a municipal ordinance on the closing date, they could be cleared up by deposit of sufficient moneys with the title insurance company. The defendant refused to close on the closing date and pointed to the written contract requiring all violations of municipal ordinances to be cleared. The plaintiff was ready to deposit sufficient moneys pursuant to the contemporaneous oral agreement with the title company on the closing date. The court held (p. 453) the defendant was estopped from asserting the contrary written obligation. " The defendant by his mutual oral contract with the plaintiff is estopped from now claiming that the plaintiff who relied thereon was in default on the due day of the written contract because of its omission to then have the property free of the violations. He should not be allowed to take advantage of an omission

induced by his unrevoked consent ＊ ＊ ＊. Parol evidence of the waiver constituting an estoppel as against the defendant under the circumstances was not error.'' (*Imperator Realty Co.* v. *Tull*, 228 N. Y. 447, 453.)

Plaintiff also argues that the permission to continue occupying the building on the premises beyond the closing date was not a valid consideration for the promise to maintain the fire insurance, since the right to such possession was granted in a prior letter-contract. However, the doctrine of equitable estoppel may also be invoked in such a situation where consideration may appear to be lacking. '' The law is clear that in any case where a party to a contract agrees to give up a possible further defense or foregoes the advantage of a condition provided for his benefit in an existing contract, the promise is binding if the promisee relying thereon changes his position.'' (Williston, Contracts, 3d ed., § 140.)

The position of the defendants, however, that plaintiff has appropriated the primary security for the mortgage obligation and is required to satisfy the obligation out of a sale of the mortgaged premises is not a valid one. Two cases cited on this point (*Central Hanover Bank & Trust Co.* v. *Roslyn Estates*, 266 App. Div. 244, affd. 293 N. Y. 680, and *Eagan* v. *Engeman*, 125 App. Div. 743) both involve a situation where the mortgagee seeking to collect a mortgage indebtedness, acquired the fee title to the property and the defendant argued that there must be a setoff of the value of the property before the defendants could be held upon the bonded indebtedness. This is merely the equitable doctrine that prohibits a double recovery for a single indebtedness and requires in certain instances a marshalling of the assets by the mortgagee creditor before enforcing the mortgage obligation. (Cf. *Equitable Sav. & Loan Assn.* v. *6322 20th Ave. Corp.*, 235 N. Y. S. 2d 394.) In the instant case the question of double recovery does not arise, since there has been no transfer of fee title to the mortgagee. The mortgagee did not appropriate the security for the mortgage indebtedness and then seek to enforce the bond against the defendants; rather, it was merely occupying a portion of the premises as a tenant until the new owner wished to put the premises to other uses. According to the affidavit of N. L. Meager, pastor of plaintiff, there is a ten-year lease upon about half of the property to IBM for parking spaces. In addition defendants have placed a superior mortgage in the amount of $70,000 upon such half of the vacant premises in favor of another lending institution. Certainly these benefits have been irrevocably appropriated in

favor of the defendants and have *ipso facto* reduced the security of plaintiff's bond and mortgage. With the title and right of possession and beneficial use still in defendants or their assignees, there is no danger of a double recovery by plaintiff and no reason to offset the value of the mortgaged premises against the outstanding bond indebtedness.

The question remains as to the manner of enforcing the promise of the plaintiff to insure the building against fire, if such is established, and plaintiff's liability to defendants for failure to do so. Should defendants establish the validity of the promise and plaintiff's failure to perform thereon, they would be entitled to an offset against the mortgage indebtedness in an amount equal to the fair market value of the building damaged by fire reduced by its residual value after the fire. Based upon statements made by defendants in their affidavits opposing the motion for summary judgment, it would appear they intended to tear the building down in any case and that the structure probably never approached in value the existing amount of the mortgage indebtedness. No reason in law appears for refusing plaintiff its right to enforce the bond indebtedness without foreclosing the mortgage, however.

The order denying plaintiff's motion for summary judgment should be affirmed, and the case allowed to proceed to trial. If they are so advised, defendants should be permitted to establish their cause of action in the nature of a counterclaim for damages with respect to the alleged diminution of the value of the mortgage security resulting from plaintiff's failure to obtain fire insurance. (See CPLR 3017, subd. [a].)

DEL VECCHIO, J. P., WITMER, MOULE and CARDAMONE, JJ., concur.

Order unanimously affirmed, without costs.