St. John Associates Engineers, P. C., Respondent, v Chase Architectural Associates, P. C., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered April 18, 1984 in Broome County, which granted plaintiff's motion for summary judgment in lieu of complaint.

On December 15, 1982, defendants and plaintiff executed a promissory note whereby defendants promised to pay plaintiff the sum of $38,289 at a rate of 18% interest per year in consideration of fees due plaintiff for services rendered on two construction projects. The note contained clauses precluding defendants from asserting as a setoff any claims or defenses arising out of plaintiff's services. It also contained a clause which provided that defendants' contractual obligations to plaintiff would remain independent of the note and did not merge with it.

Payments were to be made in eight installments. However, defendants defaulted in payment after the second, apparently because they found fault with plaintiff's work on one of the afore-mentioned projects. In January, 1984, plaintiff brought the instant motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Special Term granted the motion, without prejudice to defendants bringing an independent action against plaintiff.

On this appeal, defendants contend that Special Term erred in granting plaintiff summary judgment pursuant to CPLR 3213 because, they argue, the note was not "an instrument for the payment of money only", as required by that section, since it contained two clauses with provisions not pertaining directly to the collection of the debt. The clauses in question are those referred to above, which provide that (1) defendants may not assert counterclaims in an action for collection on the note, and (2) defendants' contractual obligations to plaintiff are independent of the note.

Defendants' contention that these clauses disqualify the note from collection via CPLR 3213 is meritless. The clauses do not create any new obligations nor do they alter existing ones. Instead, they serve to clarify the terms of the note, underlining the parties' agreement that the note pertains only to the terms of payment of the sum owed to plaintiff by defendants, and emphasizing that this obligation cannot be barred or modified

by defendants' asserting any other factors in the parties' relationship. Hence, the nature of the note is not altered by these clauses and it remains an instrument for the payment of money only (see *Kornfeld v NRX Technologies,* 93 AD2d 772, 773, affd 62 NY2d 686; cf. *Wagner v Cornblum,* 36 AD2d 427, 429; *New York Conference Assn. v 915 James St. Assoc.,* 63 Misc 2d 38, affd 38 AD2d 235).

In the very similar case of *Chemical Bank N. Y. Trust Co. v Batter* (31 AD2d 802), it was held that a promissory note containing a clause whereby the obligor waived his right to interpose any counterclaim on the note was nevertheless an appropriate instrument for a proceeding pursuant to CPLR 3213. We hold that the note here was equally eligible for collection pursuant to that section. So long as a prima facie case can be made out from the terms of the instrument and from proof of a failure to make the payments as set forth therein, the movant is entitled to summary judgment under CPLR 3213 (*Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155). This holds true unless the obligor comes forward with evidentiary proof as to issues which would defeat the plaintiff's claim (*id.*).

On this appeal, defendants have raised two defenses to the note on the grounds of lack of consideration and oral modification. However, they did not make these arguments before Special Term. Since the issues raised thereby might have been obviated by an evidentiary showing before Special Term, they cannot be raised for the first time on appeal (see *First Int. Bank v Blankstein & Son,* 59 NY2d 436, 447; *Costikyan v Keeffe,* 54 AD2d 573).

Order affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.