■■■ Candice Socia, as Assignee of John Socia, et al., Respondents-Appellants, v Richard Trovato, Appellant-Respondent. [602 NYS2d 270] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff Candice Socia in accordance with the following Memorandum: Defendant purchased the assets of Auto Finishers Supply Co.,

Inc. (seller) and agreed to pay $85,000 for the seller's covenant not to compete, payable in four equal installments of $21,250, commencing February 2, 1992. Defendant executed an absolute and unconditional guarantee of his obligations under the purchase agreement, promising to pay such indebtedness upon default "without deduction by reason of any setoff, defense or counterclaim". The seller's rights under the purchase agreement and guarantee were thereafter assigned to John Socia, who then assigned them to Candice Socia (plaintiff). When defendant failed to make the payment due on February 2, 1992, plaintiff brought suit under the guarantee.

Supreme Court properly disregarded defendant's affirmative defenses, including the defense of fraud. Those defenses were waived by the absolute and unconditional waiver of the guarantee (see, Citibank v Plapinger, 66 NY2d 90, 94-95; see also, Danann Realty Corp. v Harris, 5 NY2d 317, 323). Moreover, defendant's pleadings are inadequate to allege a defense of fraud (see, CPLR 3016 [b]).

Supreme Court erred, however, in failing to dismiss defendant's counterclaim for setoffs arising from the seller's alleged breach of the purchase agreement. By the personal guarantee, defendant absolutely and unconditionally waived the right to assert those setoffs in an action on the guarantee. The record establishes an absolute and unconditional obligation to pay the February 2, 1992 installment, and plaintiff is entitled to summary judgment for that amount (see, e.g., St. John Assocs. Engrs. v Chase Architectural Assocs., 106 AD2d 743; Chemical Bank N. Y. Trust Co. v Batter, 31 AD2d 802).

We, therefore, modify the judgment of Supreme Court by granting plaintiff judgment in the amount of $21,250 plus statutory interest on that amount (see, CPLR 5004) and by dismissing defendant's counterclaim and affirmative defenses. (Appeals from Judgment of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.