■ ALBERTO RUSSO, Respondent, v ELLEN O'MEARA, Appellant. [752 NYS2d 539] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from a judgment of the Supreme Court, Nassau County (Austin, J.), entered June 27, 2001, which, upon an order of the same court, dated June 18, 2001, granting the motion, is in favor of the plaintiff and against her in the principal sum of $50,000.

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, and the motion is denied.

"[A] document comes within CPLR 3213 'if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms'" (*Weissman v Sinorm Deli,* 88 NY2d 437, 444, quoting *Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 155). "The instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*Weissman v Sinorm Deli, supra* at

444; *see Beal Bank v Melville Magnetic Resonance Imaging,* 270 AD2d 440). "Where the instrument requires something in addition to defendant's explicit promise to pay a sum of money, CPLR 3213 is unavailable" (*Weissman v Sinorm Deli, supra* at 444). In the case at bar, since the note at issue could be satisfied by means other than the payment of money, and outside proof was required to determine if this condition was satisfied, the granting of the plaintiff's motion for summary judgment in lieu of complaint was inappropriate (*see Beal Bank v Melville Magnetic Resonance Imaging, supra* at 441). Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.