(January 29, 2004)

■ 172 Audubon Corp., Respondent, v 1018 Morris Park Avenue Realty, Inc., et al., Defendants, and Kenneth H. Koons, Appellant. [772 NYS2d 650]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 4, 2003, which, to the extent appealed from as limited by the brief, denied defendant Koons's motion for summary judgment dismissing the complaint against him, unanimously reversed, on the law, with costs and disbursements, the motion granted and said defendant's counterclaim severed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against him.

This lawsuit has its genesis in a contract for the sale of two adjoining two-story Bronx apartment buildings owned by the corporate defendants, which failed to result in a closing of title. The purchase price was $4,000,000. The two buildings had commercial as well as residential tenants. Defendant Koons, the sole appellant, an architect who, in the past, had allegedly contracted to provide architectural services to the sellers with respect to the subject property, was not a party to the contract of sale. As agreed, the parties met on August 16, 2002 for the closing, which, as noted, did not occur. The buyer contends that it was ready, willing and able to close but the sellers were unable to deliver certificates of occupancy (C/Os) showing that the two buildings each had five legal residential tenancies, as required by the fifth paragraph of the contract's "Additional Rider," which stated: "Seller agrees that Seller shall deliver the Premises with a C/O for five (5) residential plus stores, units [*sic*], for each building by closing of title. In the event that Seller is unable to do so then the sum of $75,000.00 shall be left in escrow with the Seller's attorney to be used to cover the costs to complete the aforesaid issuance of the new C/O. The C/O as to the commercial units shall remain 'As Is.' "

The buyer would not accept the C/Os tendered by the sellers, which indicated that there were only three legal tenancies in each of the buildings, but, after negotiating with the sellers, agreed to an amendment of the contract of sale. The "Contract

Amendment," dated August 16, 2002, provided for a reduction of the purchase price to $3,800,000, deleted the fifth paragraph of the Additional Rider, stated that the buyer was to take title subject to the existing C/O and existing tenants and that the sellers were under no obligation to amend the C/O as to both the residential and commercial tenants. The amendment further provided that except for the foregoing changes, the contract of sale remained unchanged and in full force and effect.

In this lawsuit, the buyer contends that the parties further agreed, orally, that the sellers and their architect, Koons, would "work together" with the buyer to "legaliz[e]" the nonconforming residential tenancies in the two buildings and that Koons would present the buyer with a "letter of assurance" regarding the legality of all 10 residential tenancies on or before September 6, 2002, the next scheduled closing date. The closing never took place on September 6, 2002, because, according to the buyer, the sellers and Koons failed to procure the letter of assurance attesting to the legality of the 10 tenancies. The sellers notified the buyer that they were invoking the contract's liquidated damages provision and would retain the $100,000 down payment because of its breach. This action, asserting three causes of action, including specific performance, against the sellers, followed. The fourth cause of action asserted architectural malpractice against Koons, alleging that he assumed a duty to investigate and provide a letter of assurance that the tenancies were in compliance with the applicable laws.

After joinder of issue, the sellers and Koons, collectively, moved for summary judgment dismissing the complaint. In his moving and reply affidavit, Koons stated that he never contracted to perform any work relating to the premises, that he never spoke with the buyer's principal and that there was no record evidence that he was a party to any agreement in connection with the contract of sale. In opposition, the buyer reiterated its claim of a promise by Koons to obtain an amended C/O to accommodate the 10 residential tenancies. Finding questions of fact, Supreme Court denied Koons's motion. We reverse.

On this record, Koons, a nonparty to the contract of sale, is entitled to summary judgment and dismissal of the complaint against him since there is no evidence of an agreement between him and the buyer to provide a letter of assurance as to the legality of the 10 tenancies. Moreover, the unambiguous terms of the parties' contract, as amended by the agreement of August 16, 2002, rescinded the fifth paragraph of the Additional Rider and provided that the buyer would "tak[e] subject to the exist-

ing C/O" and that "no representation as to the legality of the structure" had been made by the sellers. The amendment further provided that the remaining terms of the contract of sale, which included a paragraph that no provision of the contract could be "waived, changed or cancelled except in writing," remained unchanged. Where, as here, the parties have set down their agreement clearly and completely, the "writing should as a rule be enforced according to its terms" (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Without question, the parties' contract amendment specifically refutes the buyer's claim that the sellers and Koons obligated themselves to provide an assurance that the buildings' C/Os legalized the 10 existing residential tenancies. Extrinsic evidence is inadmissible to create ambiguity in a written agreement that is clear, complete and unambiguous on its face (*id.* at 163). It should be noted that there is no allegation of duress in the complaint. Concur— Buckley, P.J., Nardelli, Tom, Mazzarelli and Sullivan, JJ.