██ DONALENE JONES RING, Respondent, v OWEN R. JONES, Appellant. [787 NYS2d 558]—

Appeal from an order and judgment (one paper) of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered November 14, 2003. The order and judgment granted plaintiff's motion for summary judgment in lieu of complaint and granted judgment against defendant in the amount of $185,023.18.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking judgment on a promissory note executed by defendant in the principal amount of $85,000 at a yearly interest rate of nine percent. Supreme Court properly granted plaintiff's motion. Plaintiff met her burden of establishing that defendant executed the note and defaulted in the payments, and defendant "was then required to prove the existence of a triable issue of fact in the form of a bona fide defense against the note to defeat [the] motion" (*Couch White L.L.P. v Kelly,* 286 AD2d 526, 527 [2001]). Contrary to the contention of defendant, he failed to raise a triable issue of fact with respect to the defenses of lack of capacity and undue influence (*cf. id.* at 527-528; *St. John Assoc. Engrs. v Chase Architectural Assoc.,* 106 AD2d 743, 744 [1984]). We reject

defendant's further contention that extrinsic proof is necessary in order to determine the amount owed, thereby rendering relief pursuant to CPLR 3213 inappropriate. As defendant correctly contends, "[an] instrument does not qualify [for such relief] if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]; *see Russo v O'Meara*, 300 AD2d 563 [2002]). Here, however, no outside proof is necessary to determine the amount due on the note. There are no ambiguities on the face of the note (*see Marine Midland Bank v Poulson*, 199 AD2d 208, 209 [1993]), and it is undisputed that defendant made no payments on the note.

Finally, defendant contends that the note is usurious because plaintiff actually loaned defendant an amount less than $85,000 (*see generally Schoenfelder v Bremer*, 239 App Div 366 [1933]). That contention is raised for the first time on appeal and therefore is unpreserved for our review (*see St. John Assoc. Engrs.*, 106 AD2d at 744). "An issue may not be raised for the first time on appeal . . . where[, as here,] it 'could have been obviated or cured by factual showings or legal countersteps' in [Supreme Court]" (*Oram v Capone*, 206 AD2d 839, 840 [1994]; *see Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359 [2003]; *St. John Assoc. Engrs.*, 106 AD2d at 744). Present— Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.