TINA LOUISE BORRELLI, Now Known as TINA LOUISE CONROY, et al., Respondents, v ROSELE CHAMBERLAIN, Appellant, et al., Defendant. [802 NYS2d 809]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered March 1, 2004. The order,

among other things, granted plaintiffs' motion for summary judgment on the complaint and for summary judgment dismissing the counterclaim of defendant Rosele Chamberlain.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action seeking the return of stock certificates held as security under a chattel mortgage and seeking an order directing the issuance of a satisfaction of a mortgage. Rosele Chamberlain (defendant) contends on appeal that Supreme Court erred in granting plaintiffs' motion for summary judgment on the complaint and for summary judgment dismissing defendant's counterclaim. We note at the outset that defendant as limited by her notice of appeal and brief does not appeal from that part of the order awarding attorney's fees to plaintiffs.

We conclude that plaintiffs, as proponents of the motion for summary judgment, met their initial burden by establishing as a matter of law that all payments required by the note had been timely made, and thus that they were entitled to the return of the stock certificates and to the issuance of a satisfaction of the mortgage (*see* RPAPL 1921; *see generally Glatter v Chase Manhattan Bank*, 239 AD2d 68 [1998]). Defendant contends that the court erred in granting summary judgment because she raised a triable issue of fact whether the destruction of a building on the premises in March 1993 automatically caused the remaining payments to become immediately due. We reject that contention. The relevant clause in the mortgage agreement provides that the "[m]ortgagee may declare the full amount of the debt to be due and payable immediately for any default" such as the demolition of the building. Defendant did not make the requisite declaration pursuant to the acceleration provision, and thus there was no acceleration of the remaining unpaid principal.

We also reject the contention of defendant that she is entitled to present parol evidence to demonstrate that the acceleration provision should be interpreted to accelerate the remainder of the debt automatically in the event of a default such as allegedly occurred herein, when the building on the premises was demolished. The use of parol evidence is permissible only when an ambiguity exists, and a court may not resort to extrinsic evidence where, as here, the contractual provision is clear and susceptible of only one meaning (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]; *172 Audubon Corp. v 1018 Morris Park Ave. Realty*, 3 AD3d 451, 453 [2004]; *see also Benderson Dev. Co. v Schwab Bros. Trucking*, 64 AD2d 447, 455

[1978]). We further conclude that the defendant failed to "demonstrate how . . . discovery might reveal the existence of material facts" that would affect the outcome of the motion and thus failed to defeat plaintiffs' entitlement to summary judgment on that ground (*Welsh v County of Albany*, 235 AD2d 820, 822 [1997]; *see North Am. Specialty Ins. Co. v Schuler*, 291 AD2d 924, 925 [2002]).

Defendant's remaining contentions are raised for the first time on appeal and are not otherwise properly before this Court (*see generally Ring v Jones*, 13 AD3d 1078, 1079 [2004]; *Oram v Capone*, 206 AD2d 839, 840 [1994]) and, in any event, those contentions are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.