Edmund Orok Edem, Respondent,
against
Grandbelle International, Inc., Appellant.



Appeals from orders of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered February 11, 2015 and March 18, 2015. The order entered February 11, 2015, insofar as appealed from as limited by the brief, denied defendant's postjudgment motion for judicial review of the clerk's taxation of costs and disbursements. The order entered March 18, 2015, insofar as appealed from, upon, in effect, reargument, adhered to the original determination.




ORDERED that the appeal from the order entered February 11, 2015 is dismissed, as that order was superseded by the order entered March 18, 2015 made upon reargument; and it is further,
ORDERED that the order entered March 18, 2015, insofar as appealed from, is reversed, without costs, defendant's postjudgment motion for judicial review of the clerk's taxation of costs and disbursements is granted, and the matter is remitted to the clerk of the Civil Court to correct the judgment by deleting therefrom the award of costs and disbursements.
Plaintiff commenced this action in the Supreme Court, Richmond County, seeking to recover the principal sum of $104,500. Defendant's motion for summary judgment dismissing the complaint was granted in part, and the Supreme Court's order was affirmed on appeal (118 AD3d 848 [2014]). The Supreme Court transferred the action to the Civil Court pursuant to CPLR 325 (d). The Civil Court, in a decision dated July 22, 2013, following a nonjury trial, awarded plaintiff the principal sum of $210. In August 2014, plaintiff submitted a bill of costs to the clerk of the Civil Court who, on August 18, 2014, entered a judgment in favor of plaintiff in the principal sum of $210, together with interest of $42.57, costs of $700, and disbursements of $70. Defendant moved for judicial review of the clerk's taxation of costs and disbursements, pursuant to CPLR 8404 and CCA 1909. Both parties made a number of additional motions. By order entered February 11, 2015, the Civil Court denied all the motions as untimely, on the ground that they had been made over a year after the issuance of the court's decision following the trial.
Defendant then moved for leave to reargue, pursuant to CPLR 2221. In its order entered March 18, 2015, the Civil Court, in effect, granted reargument, but declined to disturb the taxation of costs on the ground that, as the action had been commenced in the Supreme Court, plaintiff was entitled to recover Supreme Court costs.
CPLR 8104 provides that where an action is removed pursuant to CPLR 325 (d), costs [*2]"shall be awarded as if it had remained in the court from which it was removed, as limited by" CPLR 8102. CPLR 8102 (1) prohibits a plaintiff from recovering costs in an action brought in the Supreme Court in a county within the city of New York, which action could have been brought in the Civil Court, unless the plaintiff recovers $6,000 or more (see 24 NY Jur 2d, Costs in Civil Actions § 28; see also Saunders v Kline, 53 NY2d 658 [1981]; Hidden Ponds of Ontario v Hresent, 237 AD2d 878, 879 [1997]; Chemical Bank NY Trust Co. v Batter, 31 AD2d 802 [1969]). Since plaintiff commenced this action in the Supreme Court, Richmond County, and, after its removal to the Civil Court, only recovered $210, plaintiff, pursuant to CPLR 8102 (1), was not entitled to recover costs (see Reisner v 749 Broadway Realty Corp., 207 Misc 76 [App Term, 1st Dept 1954]), nor was plaintiff entitled to tax his disbursements (see CPLR 8301 [a]; cf. CPLR 8301 [c]).
Accordingly, the order entered March 18, 2015, insofar as appealed from, is reversed, defendant's postjudgment motion for judicial review of the clerk's taxation of costs and disbursements is granted, and the matter is remitted to the clerk of the Civil Court to correct the judgment by deleting therefrom the award of costs and disbursements.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: December 08, 2016