■ SIGNAL PLAN, INC., Respondent, v. CHASE MANHATTAN BANK, Appellant.— Order, entered August 13, 1964, granting plaintiff's motion for summary judgment, unanimously reversed, on the law, with $30 costs and disbursements to the appellant and the motion denied. Plaintiff moved for summary judgment at the time of service of summons. Such procedure is permissible when the "action is based upon a judgment or instrument for the payment of money only" (CPLR 3213). It appears from the moving papers that plaintiff finances the purchase of automobile liability insurance premiums. It maintained an account with defendant and during a period of some five months issued a total of nearly 200 checks payable respectively

to six insurance companies. The checks were transmitted to a third party and it is claimed that the latter without authority indorsed the checks as agent for the respective insurance companies and caused them to be deposited in another bank. The checks subsequently were presented to defendant and paid. Plaintiff's president in an affidavit alleges on information and belief that the indorsements made by the claimed agent were false and fraudulent. Plaintiff describes its account with defendant as a "conventional" one so it is assumed that plaintiff was a general depositor. "While money on deposit in a bank is commonly considered to be property of the depositor, the relationship in fact between him and the bank is that of debtor and creditor, and the amount on deposit represents merely an indebtedness by the bank to the depositor." (5 N. Y. Jur., Banks and Trust Companies, § 209.) The drawee bank "in paying on a check bearing a forged indorsement of the payee breaches its contractual obligation to the drawer to pay only on the latter's written direction." (*Henderson* v. *Lincoln Rochester Trust Co.*, 303 N. Y. 27, 31.) We conclude that this action is one for breach of contract and is not based on "instrument[s] for the payment of money only" within the meaning of CPLR 3213. (Cf. *Estate of Silverman* v. *Manufacturers Hanover Trust Co.*, 43 Misc 2d 675.) Concur — Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.