■  Mike Nasti Sand Co., Inc., Respondent, v. Almar Landscaping Corp., Appellant.— In an action in which plaintiff has moved for summary judgment in lieu of serving a complaint (CPLR 3213), defendant appeals from a judgment of the Supreme Court, Queens County, entered August 2, 1968 in favor of plaintiff. The appeal brings up for review an order of said court, entered the same day, which granted plaintiff's motion to renew or reargue its prior motion and thereupon granted its motion for summary judgment. Judgment reversed, on the law; order modified, on the law, by striking therefrom the second decretal paragraph thereof, which granted plaintiff summary judgment, and substituting therefor a provision denying plaintiff's motion for summary judgment and directing that plaintiff shall serve a complaint and defendant shall serve an answer to the complaint; and, as so modified, order affirmed. Defendant is granted $10 costs and disbursements. The complaint shall be served within 20 days after entry of the order hereon; and the answer shall be served 20 days after service of the complaint. In our opinion, the record presents questions of fact which may not be determined upon the submitted affidavits. The contract in question specified four specific machines and the rate of payment for each. The other machinery employed by plaintiff is not mentioned in the original contract. Further, certain of this machinery is charged twice for the same day and the rates of payment are in issue. We feel that further amplification of the situation is desirable. We are also of the

opinion that this contract, as amplified by an ambiguous "statement" which was not acknowledged in any manner by the party to be charged, does not come within the definition of an "instrument for the payment of money only" as contemplated by the statute (CPLR 3213). Accordingly, we conclude that this record, as it now stands, does not support summary judgment under the provisions of CPLR 3213. Since the moving papers do not tend to sharpen the issues, plaintiff should be directed to serve a complaint and defendant to serve an answer thereto; and the action should proceed accordingly. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.