Richard J. Cardamone, J.
This is a motion for summary judgment in lieu of a complaint under CPLR 3213 which permits the 1‘ motion-action ’ ’ upon any judgment or when an action is based upon “ an instrument for the payment of money only ” (L. 1969, ch. 210).
Plaintiff is the mortgagee holder of a bond and mortgage executed by the defendant for $120,000 payable in three equal $40,000 installments (plus interest at 6%%) due December 30, 1969, June 1, 1970 and December 31, 1970. An acceleration clause provides that after default in payment of any installment of principal or interest for 10 days that the whole of said principal sum and interest shall become due at the option of the plaintiff. Plaintiff has proved the instrument and the default and asks for summary judgment in the amount of $120,000.
In opposition, the defendant contends that this bond and mortgage is not an instrument for the payment of money only.
CPLR 3213 did not have a predecessor counterpart in the Civil Practice Act. The drafters of the CPLR did not shed much light on their intent in using the phrase “ an instrument for the payment of money only” (Survey of New York Practice, 44 St. Johns L. Rev. 336 [1969]).
In several recent cases motions made pursuant to 'CPLR 3213 have been'denied (Orenstein v. Orenstein, 59 Misc 2d 565 [App. *39 Term, 2d Dept., 1969], [suit to recover payments pursuant to a separation agreement]); (Burnell v. Peoples Sav. Bank of Yonkers, 54 Misc 2d 140 [App. Term, 2d Dept., 1967], [money paid because of economic duress pursuant to prepayment clause of mortgage]); (Silverman v. Manufacturers Hanover Trust Co., 43 Misc 2d 675, 676 [App. Term, 2d Dept., 1964], [to recover for moneys alleged to have been paid out improperly by bank on check issued by decedent]). A contrary result was reached where a promissory note (one of a series of 20 notes) sued on provided that in the event of the nonpayment in any one of said series for a period of 15 days, at the option of the holder, all of the remaining unpaid notes “ shall forthwith become due and payable ”. Such a note was held to require the defendants to make certain payments and nothing else. It was, therefore, an instrument for the payment of money only under CPLR 3213 (Seaman-Andwall Corp. v. Wright Mach. Corp., 31 A D 2d 136 [1st Dept., 1968]; Koegel v. Birnbaum, 27 A D 2d 653 [1st Dept., 1967]).
Here an examination of the instrument reveals a number of provisions that do not relate to any requirements for the defendant to make the payment of a sum of money only as in SeamanAndwall (supra), e.g., defendant warrants title to the premises, the defendant agrees to receive the advances secured by the mortgage as a trust fund to be applied in a specific manner; that upon 20 days’ notice the defendant agrees to furnish a written statement regarding defenses or offsets which may exist against the mortgage debt.
Thus, this plaintiff’s action is one for the foreclosure of his mortgage on defendant’s property and is not based on an ‘ instrument for the payment of money only ’ ’ within the meaning of CPLR 3213 (cf. Signal Plan v. Chase Manhattan Bank, 23 A D 2d 636 [1st Dept., 1965]; Siren Realty Corp. v. Biltmore Prods. Corp., 27 AD 2d 519 [1st Dept., 1966], [defendant drawee bank paid a check bearing forged indorsement of plaintiff whose motion under CPLR 3213 was denied as the action is one for breach of contract and not within CPLR 3213]).
Moreover, a motion for summary judgment under CPLR does lie in a mortgage foreclosure action (Sullivan County Nat. Bank of Liberty v. President Hotel, 28 A D 2d 618 [3d Dept., 1967]). Accordingly, the plaintiff’s motion under CPLR 3213 is denied and the case must proceed as a conventional and ordinary action by service of a summons and complaint and other appropriate pleadings and without prejudice to the plaintiff to make a motion for summary judgment under CPLR 3212 if it be so advised.