█ BEN RICKERT, Respondent, v. PACKET FACILITIES, INC., Appellant.—

Concur — Stevens, P. J., Markewich and Steuer, JJ.; McGivern, J., dissents in the following memorandum: I would affirm. Special Term granted partial summary judgment in the amount conceded to be due and ordered an assessment of damages relative to plaintiff's claim for damages in excess of that amount. The defendant has appealed only from that part of the order which directed an assessment over the sum of $4,978.04. I am in accord with the majority that the contract is not an instrument for the payment of money only within the purview of CPLR 3212. Nor did Special Term regard the instrument as such. Rather does it appear Special Term exercised discretionary power and treated the submitted papers as the complaint and answer. In my view, this was unobjectionable, the defendant conceding liability, and the papers clearly defining the issues as to overage. Had plaintiff's motion been denied "the moving and answering papers" would have been "deemed the complaint and answer, respectively", unless the court ordered otherwise. (CPLR 3213.) "A denial so converting the motion into an ordinary action would position the plaintiff at the point where he would be after service of an answer in an ordinary action". (See McKinney's Cons. Laws of N. Y., Book 7B, Practice Commentary, CPLR 3213.11.) I find no valid reason for diluting the court's discretion as to converting the proceeding into an ordinary action, and requiring a complaint and answer, simply because there is a grant of summary judgment. Particularly so where the submitted papers, as here, have delineated the issues. It has been observed "Since the CPLR 3213 application is in its essence only a summary judgment motion, the court's powers in conjunction with it may be taken from CPLR 3212 whenever it is feasible to do so without violence to the purpose of CPLR 3213." (See McKinney's Practice Commentary, *supra*.) The court's "otherwise" power under CPLR 3213 imports exercises of discretion that will do justice to all concerned. The proper exercise of discretion does not envisage the disturbance or abuse of orderly procedure. Furthermore, the limited scope of the appeal should exclude the issue of liability. Defendant's failure to appeal from that part of the orders granting partial summary judgment militates against any claim of lack of *power* by Special Term to direct an assessment of damages here, even if the action is not strictly one which falls within the purview of CPLR 3213. Although defendant challenged plaintiff's right to proceed under CPLR 3213, the effect of that challenge has been vitiated by (1) the concession that "plaintiff is entitled to recover the sum of $4,978.04" and (2) the limited scope of the notice of appeal. The latter constitutes a tacit choice of procedure. (See *Reilly* v. *Insurance Co. of North Amer.*, 32 A D 2d 918; *Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81.) In any event, in my view, the disposition of the majority would simply cause a repetitive duplication of effort and time, with no change in the result. In this era of calendar congestion such purposeless exaltation of form over substance should not be brooked, no less encouraged, by an appellate court.