DOREEN C. WAGNER, Respondent, *v.* SHELDON CORNBLUM, Appellant.

Fourth Department, May 20, 1971.

*Cohen, Lombardo, Blewett, Fisher & Hite (Gerard R. Lombardo of counsel), for appellant.*

*Jaeckle, Fleischmann, Kelly, Swart & Augspurger (David C. Fielding of counsel), for respondent.*

GABRIELLI, J.   In 1967 plaintiff and defendant entered into a separation agreement which provided for custody of the children, disposition of certain personal property and a somewhat complicated method for the payment of support and maintenance for plaintiff and the children.   The amount of the payment was based, in part, on the amount of income defendant received from a certain trust.   The parties were later divorced and plaintiff remarried.   Following her separation from the second husband, she and defendant executed a modification of their original separation agreement.   One of the amendments made increased the support provisions during the continuance of certain newly imposed conditions.

Claiming that defendant had made inadequate support payments, plaintiff served a summons, affidavit and notice of motion by which she sought an accelerated summary judgment upon the theory that the action was based on an instrument for the payment of a sum of money only, pursuant to the procedure provided by CPLR 3213 which states:   '' When an action is based upon an instrument for the payment of money only   *   *   * the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.''

The primary purpose of this provision is to provide an effective means of obtaining an accelerated judgment where a defendant's liability for a certain sum of money is clearly established by the instrument, coupled with proof of nonpayment (*Holmes* v. *Allstate Ins. Co.*, 33 A D 2d 96, 98).   The salutary result of summary disposition of suits by this procedure displays its obvious merit.   However, in order for a plaintiff to succeed on such a motion, it is first required that judgment be sought on '' an instrument for the payment of money *only* '' (emphasis added).

Cases permitting use of the device allowed under CPLR 3213 have dealt exclusively with some type of commercial paper evidencing a debt and nothing else (*Rhodia, Inc.* v. *Steel*, 32 A D 2d 753 [unconditional guarantee of a promissory note]: *Seaman-*

*Andwall Corp.* v. *Wright Mach. Corp.,* 31 A D 2d 136 [promissory note not in dispute]; *Banco Portugues Do Atlantico* v. *Fonda Mfg. Corp.,* 31 A D 2d 122, affd. 26 N Y 2d 642 [an accepted sight draft]); and the authorities have effectively limited the procedure to an action which requires only that a party make payments of money (e.g. *Rickert* v. *Packet Facilities,* 35 A D 2d 711; *New York Conference Assn. of 7th Day Adventists of Syracuse* v. *915 James St. Assoc.,* 63 Misc 2d 38).

On the other hand, the use of this procedural device has been denied in *Rickert* v. *Packet Facilities (supra)* [action on employment contract]; *Nasti Sand Co.* v. *Almar Landscaping Corp.* (34 A D 2d 554) [action on contract to supply snow removal equipment]; *Signal Plan* v. *Chase Manhattan Bank* (23 A D 2d 636) [action by depositor for paying out on a forged instrument]; *New York Conference Assn. of 7th Day Adventists of Syracuse* v. *915 James St. Assoc., supra* [action on bond and mortgage]; and *Orenstein* v. *Orenstein* (59 Misc 2d 565) [App. Term, 2d Dept.] [action to recover payments pursuant to a separation agreement], since they were not actions based on instruments for the payment of money only. These authorities reveal the restrictive nature of the relief that may be granted thereunder. It is important and highly significant to note that the characteristic common to the document sued upon in each of these cases is that such instrument, as here, called for something in addition to the payment of money.

It requires no articulation to conclude that a separation agreement is anything but an instrument for the payment of a sum of money *only.* The instrument before us does not come within the purview of CPLR 3213. Not unlike most such documents, this agreement contains lengthy covenants and conditions, covering some 16 pages of the record, dealing not only with financial and support provisions but, also with custody, visitation rights, remarriage and the future rights of the parties. Had the Legislature intended that this simplified procedure for accelerated judgment be applicable to agreements wherein but one of the provisions related to the payment of money, the word "only" would have been deleted from the critical phrase in the provision under discussion.

We are, of course, mindful that the CPLR should be liberally construed (CPLR 104), but we are not permitted to pre-empt a legislative function and rewrite the provision under discussion. If we were to sustain the order below, our action would far exceed a liberal construction of CPLR 3213, for we would, in effect, emasculate it by deleting therefrom the critical word "only".

In sum, it cannot be said that the agreement before us is an instrument for the payment of money only within the meaning of CPLR 3213. The order should be reversed and the motion denied.

MARSH, J. P., MOULE, CARDAMONE and HENRY, JJ., concur.

Order unanimously reversed without costs and motion denied.