■ BRUCE G. MILLS, Appellant, v. CLARKSON M. RYAN, Respondent.— Order unanimously reversed, on the law, with costs, and summary judgment granted in favor of plaintiff in the amount of $31,000, with interest and costs. Memorandum: Plaintiff appeals from a Special Term order denying his motion for summary judgment. The motion papers served on defendant with the summons in lieu of a complaint pursuant to CPLR 3213 consisted of the notice of motion, plaintiff's affidavit, a promissory note dated October 21, 1971 signed by defendant, by which he "promises to pay to Bruce G. Mills the sum of * * * $31,000 on the 1st day of June 1972", and a contract signed and acknowledged by the parties on the same date as the note. The contract shows that plaintiff received the promissory note from defendant as part payment for the sale of options, corporate stock, plans, specifications and drawings for the project known as the Boughton Hill Apartments. The full contract price was $43,000, of which $12,000 in cash was paid by respondent on the date of closing. The contract further provides that defendant assumes all responsibility in carrying out the project and relieves plaintiff "from any debt, obligation, responsibility and duty arising out of said proposal". Defendant further agreed that "In any event the amount of * * * $31,000 shall be payable on the first day of June, 1972 * * * In the event * * * for any reason [he] does not complete this Contract or the project * * * the entire amount nevertheless will be due and payable". Plaintiff's motion papers sufficiently established that the action is based upon an instrument for the payment of money only and is properly brought pursuant to the provisions of CPLR 3213. "It is incontestable that plaintiff would prove a prima facie case by proof of the note and a failure to make payments called for by

its terms. While defenses advanced might raise issues outside the note, that does not change its character as one for the payment of money only". (*Seaman-Andwall Corp.* v. *Wright Mach. Corp.*, 31 A D 2d 136, 137, affd. 29 N Y 2d 617.) Execution of the note and default in payment having been established by plaintiff and not being denied by defendant it was incumbent on defendant to come forward with proof of evidentiary facts showing the existence of a genuine and substantial issue. (*Seaman-Andwall Corp.* v. *Wright Mach. Corp., supra*, pp. 137-138.) Giving credit to the facts alleged as distinct from the conclusions of the pleader, no evidentiary fact entitling defendant to defend is set out. The allegations that there were errors in the survey of the property, incorrect specifications, low cost estimates for construction of buildings and services and lack of building permits do not raise any issue against plaintiff because he is expressly relieved from responsibility therefor by the terms of the contract. We find that defendant has failed to show that he has a bona fide defense. (Appeal from order of Monroe Special Term, denying motion for summary judgment in action on note.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.