■ RICHARD HAUG, Respondent, v METAL CITY FINDINGS CORP., Appellant.—In an action based upon an instrument for the payment of money only in which plaintiff has moved for summary judgment in lieu of serving a complaint (CPLR 3213), defendant appeals from a judgment of the Supreme Court, Nassau County, entered June 25, 1974 in favor of plaintiff. Judgment reversed, on the law, without costs and motion denied, without prejudice to any further proceedings after service of pleadings. The complaint shall be served within 20 days after service upon plaintiff of a copy of the order to be entered hereon, with notice of entry, and the answer shall be served within 20 days after service of the complaint. In 1954 the parties executed a written agreement whereby plaintiff, then an employee of defendant, sold the latter his entire interest in a device invented by him and agreed to manufacture and install as many devices as requested by defendant for $300 each. In addition, defendant agreed to pay plaintiff $30 per month for each such device manufactured and installed by him up to 14 such devices, "and upon said monthly payments reaching a total of $420.00 to continue to pay to HAUG $420.00 per month throughout his lifetime, regardless of whether or not METAL FINDINGS shall continue to use * * * such devices * * * and regardless of whether or not his employment by METAL FINDINGS shall terminate during his lifetime for any cause whatsoever." If plaintiff's employment were to terminate by his retirement for illness or age or by his death, defendant agreed that, after his death, it would continue to make the monthly payment of up to $420 to his wife during her lifetime and, upon the deaths of both plaintiff and his wife, to pay half the monthly payment of up to $210, monthly, to each of their two children until the child reached the age of 29 years. The agreement was not assignable by plaintiff. It was assignable by defendant, but only to a successor which would assume the obligations thereunder. If defendant were to discontinue business, the contract would terminate and all rights granted by plaintiff to defendant would revert to him. Plaintiff made and installed the devices and payments were begun under the contract and continued for 10 years. In 1964 he resigned from defendant and went into business for himself and defendant ceased its monthly payment of $420 to him. He then brought a previous suit in the Supreme Court, Nassau County, for breach of the written contract. Defendant asserted the defenses of ambiguity and fraud and counterclaimed for unfair competition. After a jury trial, the court (Harnett, J.) awarded judgment to plaintiff, as a matter of law, and dismissed the counterclaim. In 1974 plaintiff commenced this action by moving, pursuant to CPLR 3213, for summary judgment in lieu of serving a complaint. Special Term, noting that "from shortly after its inception the contract ceased to be anything but a simple promise to pay", held that the written contract was an instrument

for the payment of money only, within the contemplation of the statute. The court held further that the defenses raised in opposition to the motion were the same as those which had been dismissed as a matter of law in the prior action and that they could not be raised again. Plaintiff was awarded judgment in the amount of $10,080, with interest, for payments due him from February 1, 1972 up to and including January 1, 1974. In our opinion, the contract cannot qualify under CPLR 3213 as an instrument for the payment of money *only*. The test is not what the instrument may be reduced to by part performance or by elision of a portion of it after its genesis, but rather how the instrument read in the first instance. In addition to the obligation to pay money, the contract requires performance of certain services and furnishing of devices, which are interwoven with the obligation to pay money and are precedent to it. The pertinent portion of CPLR 3213 reads: "When an action is based upon an instrument for the payment of money only * * * the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." Summary judgment cannot be granted at this stage (see *Interman Ind. Prods. v R. S. M. Electron Power*, 45 AD2d 34; *Wagner v Cornblum*, 36 AD2d 427; *Rickert v Packet Facilities*, 35 AD2d 711; *Nasti Sand Co. v Almar Landscaping Corp.*, 34 AD2d 554; *Orenstein v Orenstein*, 59 Misc 2d 565; cf. *Mills v Ryan*, 41 AD2d 689, affd 33 NY2d 948; *Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, affd 29 NY2d 617; *Baker v Gundermann*, 52 Misc 2d 639). Cohalan, Acting P. J., Christ, Brennan and Shapiro, JJ., concur; Munder, J., dissents and votes to affirm, with the following memorandum: I disagree with the majority's view that the test for applying CPLR 3213 is how the instrument read in the first instance. The test, in my judgment, is whether at the time the plaintiff commences suit the instrument required the defendant to make certain payments and nothing else (see *Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137, affd 29 NY2d 617). That is the situation here. The contract between the parties required plaintiff to sell his interest in and to manufacture and install as many devices as requested. In return, defendant agreed to pay him money. Plaintiff performed his part of the agreement, and whatever defenses may have been available to defendant were disposed of in the prior litigation. There is nothing now remaining except payment by defendant. I do not believe "an instrument for the payment of money" was meant to be limited to some type of commercial paper evidencing a debt. Here we have a contract, not a promissory note, but it is obvious from all the circumstances and from the prior litigation between these parties that plaintiff's claim is presumptively meritorious. He should be permitted to rely on CPLR 3213 as a speedy and effective means to obtain judgment on his claim (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3213.02a). It has been observed more than once that "Since the CPLR 3213 application is in essence only a summary judgment motion, the court's powers in conjunction with it may be taken from CPLR 3212 whenever it is feasible to do so without violence to the purpose of CPLR 3213" (Practice Commentary, McKinney's Cons. Laws of NY, Book 7B, CPLR 3213, C 3213:11, p 837; see dissenting memorandum of McGivern, J., in *Rickert v Packet Facilities*, 35 AD2d 711, 712). Special Term granted summary judgment in this case and I believe it was proper to do so. The duplication of time and effort which the majority would now require will produce no change in the result.