Gabrielli, J.
The issue presented may be phrased as follows: Does an account stated, unsupported by any written document subscribed by the party to be charged thereunder, constitute "an instrument for the payment of money only” entitling the moving party to accelerated summary judgment pursuant to the procedure provided by CPLR 3213? Both Special Term and the Appellate Division held that an account stated does not constitute an instrument for the payment of money only, and have ruled that the appellant may not avail itself of the procedure provided in CPLR 3213. We affirm.
The defendant (R. S. M.) is engaged in the business of producing silicon transistors and rectifiers for power equipment manufacturers, and plaintiff Interman is a supplier of silicon material. During the period from April 12, 1973 to August 7, 1973, R. S. M. issued purchase orders for the supply of silicon slices, and Interman contends that it delivered the requested materials pursuant to these purchase orders with *153 out objection or protest. It is further alleged that the agreed value of this merchandise was in the amount of $40,839.94. Defendant, disputing this contention, asserts that Interman did not supply the goods in the quantities ordered, or at the prices specified, and that the appellant unilaterally raised its prices without respondent’s consent or approval.
During May, 1973 through August, 1973 Interman furnished the purchaser with a written statement of account for each month which purportedly represented the merchandise shipped and delivered during the prior month. Under these accounts, payment was due net 30 days, and each statement of account set forth the following request: "Please notify us promptly if this statement does not agree with your records.” R. S. M. does not deny that it received these accounts stated totaling $40,839.94, nor does it assert that it filed any objection thereto, but in response to plaintiff’s motion for summary judgment pursuant to CPLR 3213 both the accuracy and the correctness of these statements of account are disputed.
The parties are also in disagreement as to the effect of a check for $8,693.15 delivered by R. S. M. on August 6, 1973. According to R. S. M. payment on this check was stopped as a result of alleged violations of the contracts. Interman, on the other hand, avers that payment on this check was stopped because there were insufficient funds in the bank account.
Claiming that the sum of $40,839.94 was owed to it upon these accounts stated, Interman served a summons, affidavit and notice of motion by which it sought an accelerated summary judgment upon the ground that the action was based on instruments for the payment of money only, pursuant to the procedure set forth in CPLR 3213 which states: "When an action is based upon an instrument for the payment of money only * * * the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.”
As was stated nearly one hundred years ago by Chief Judge Folger, "[a]n account stated is an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance” (Volkening v DeGraaf, 81 NY 268, 270); and in Newburger-Morris Co. v Talcott (219 NY 505, 512) Judge Cardozo wrote as follows: "the very meaning of an account stated is that the parties have come together and agreed upon the balance of indebtedness, insimul *154 computassent, so that an action to recover the balance as upon an implied promise of payment may thenceforth be maintained”. Thus, while the mere silence and failure to object to an account stated cannot be construed as an agreement to the correctness of the account, the factual situation attending the particular transactions may be such that, in the absence of an objection made within a reasonable time, an implied account stated may be found (Corr v Hoffman, 256 NY 254, 266).
Interman, cognizant of the fact that R. S. M. never expressly ratified the propriety of the accounts stated, argues that it may be found to have impliedly acquiesced in the correctness of the accounts by its failure to have interposed an objection thereto prior to the institution of this proceeding for summary judgment. However, even if we accept such an assertion that an implied account stated may be found to have existed, this, in and of itself, is not sufficient to entitle the appellant to avail itself of the procedural device provided by CPLR 3213.
CPLR 3213 is intended to provide a speedy and effective means of securing a judgment on claims presumptively meritorious. In the actions to which it applies, "a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is needless.” (First Preliminary Report of Advisory Committee on Practice and Procudure, p 91; NY Legis Doc, 1957, No. 6 [b], p 91.) However, in order to qualify for CPLR 3213 treatment, it is incumbent upon the appellant to show that the accounts stated, on which its action is based, "are instruments for the payment of money only.” The question of what constitutes an "instrument for the payment of money only” may appear to be a vexing problem (4 Weinstein-Korn-Miller, NY Civ Prac, par 3213.02a), and, according to one commentator, there is already a plethora of irreconcilable case law on this subject (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3213:3, p 829). The Advisory Committee’s reports do not define what is meant by "an instrument for the payment of money only” nor is case law prior to the enactment of the CPLR informative, since CPLR 3213 had no earlier counterpart (4 Weinstein-Korn-Miller, NY Civ Prac, par 3213.02a).
For the most part, the cases permitting use of the CPLR 3213 procedural device have dealt primarily with some variety *155 of commercial paper in which the party to be charged has formally and explicitly acknowledged an indebtedness (Banco Portugues Do Atlantico v Fonda Mfg. Corp., 31 AD2d 122, affd 26 NY2d 642 [an accepted sight draft]; Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, affd 29 NY2d 617 [promissory note not in dispute]; Rhodia, Inc. v Steel, 32 AD2d 753 [unconditional guarantee of a promissory note]; see, also, the following cases all of which had to do with promissory notes Horne v Law Research Serv., 35 AD2d 931; Artistic Greetings v Shalom Greeting Card Co., 36 AD2d 68; Badische Bank v Ronel Systems, 36 AD2d 763; Ballantine & Sons v Boston Celtic Basketball Club, 36 AD2d 914; Mills v Ryan, 41 AD2d 689).
In those cases in which use of the CPLR 3213 procedural device has been denied, it has been held that the actions were not based on instruments for the payment of money only. Thus, the motion for summary judgment was denied in an action by a depositor for paying out on a forged instrument (Signal Plan v Chase Manhattan Bank, 23 AD2d 636); in an action on a contract to supply snow removal equipment (Nasti Sand Co. v Almar Landscaping Corp., 34 AD2d 554); in an action on an employment contract (Rickert v Packet Facilities, 35 AD2d 711); in an action on a separation agreement to recover payments due thereunder (Wagner v Cornblum, 36 AD2d 427), and in an action on a bond and mortgage (New York Conference Assn. of 7th Day Adventists of Syracuse v 915 James St. Assoc., 63 Misc 2d 38). In each of these cases the document sued upon required something in addition to the defendant’s explicit promise to pay a sum of money.
The present case is distinguishable from and anomalous to the cited authorities where CPLR 3213 relief was granted since the instruments upon which plaintiff bases its action have not been subscribed by the defendant. The most cogent analysis of the standard to be applied in ascertaining whether an instrument qualifies for CPLR 3213 treatment was enunciated in Seaman-Andwall Corp. v Wright Mach. Corp. (31 AD2d 136, affd 29 NY2d 617, supra) wherein it was stated that if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms, the moving party would be entitled to summary judgment unless the other party came forward with evidentiary proof sufficient to raise an issue as to the defenses to the instrument. In the case before us, the plaintiff’s assertions do *156 not provide a basis for concluding that it has made out a prima facie case since there is no written instrument by which the defendant has expressly obligated itself to make the payments required by the accounts stated. Thus, the fact that the appellant relies upon an implied account stated rather than upon an account stated evidenced by a promissory note becomes critical because in the former there is no instrument to establish a prima facie case. That is not to say, however, that an account stated evidenced by a promissory note would suffice for CPLR 3213 purposes. In such an instance, as Mr. Justice Shapiro indicated in his concurring opinion, although the account stated does not serve as a-predicate for summary judgment, the promissory note evidencing the indebtedness might (45 AD2d 34, 37).
Accordingly, the order of the Appellate Division should be affirmed, and the certified question answered in the affirmative.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs. Question certified answered in the affirmative.