■ MURRAY I. DANN, Appellant, v LARRY K. BERNSTEIN et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered May 8, 1979 in Broome County, which denied plaintiff's motion for summary judgment pursuant to CPLR 3213 and directed the parties to serve formal pleadings. On December 20, 1977, defendants Larry K. Bernstein and Richard J. Kufta executed a promissory note in which they agreed to pay plaintiff $137,500, payable in monthly installments of $1,145.83. The note was executed pursuant to an agreement of the parties in which defendants agreed to purchase plaintiff's law practice. Defendants defaulted on the December, 1978 payment; and plaintiff claimed that the balance of the note, $124,895.87, was thereby due, along with attorney's fees of $41,631.95. Thereafter, plaintiff served defendants with a summons and notice of motion for summary judgment pursuant to CPLR 3213. Special Term concluded that the procedure of CPLR 3213 was not available, and additionally, that questions of fact existed which precluded summary judgment. There should be an affirmance. CPLR 3213 provides that a plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint when the action is based upon "an instrument for the payment of money only". To qualify as such an instrument, plaintiff must establish a prima facie case by proof of the note and a failure to make the payments called for by its terms *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, affd 29 NY2d 617). Since the note here provides neither for an acceleration of its balance upon a default of a monthly installment nor for attorney's fees, plaintiff has failed to establish a prima facie case which would entitle him to use the procedure set forth in CPLR 3213. Furthermore, we reject plaintiff's position that the security agreement executed by defendants should be read together with the note to establish that the instrument is for the payment of money only. The action would then not be based upon an instrument for the payment of money *only;* it would call for something in addition to the payment of money (see *Wagner v Cornblum,* 36 AD2d 427, 429; *Nasti Sand Co. v Almar Landscaping Corp.,* 34 AD2d 554; *Signal Plan v Chase Manhattan Bank,* 23 AD2d 636; *New York*

*Conference Assn. of 7th Day Adventists of Syracuse, N. Y. v 915 James St. Assoc.,* 63 Misc 2d 38; see, also, *Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155; Siegel, New York Practice, § 289, p 343). Accordingly, Special Term properly concluded that the procedure provided in CPLR 3213 is here unavailable. In view of our holding, we need not reach the other points raised in the parties' briefs. Order affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.