■ Associated Capital Services Corporation of New Jersey, Respondent, v Abraham Lichtenstein, Defendant, and Mark Kaufman et al., Appellants. — In an action allegedly based upon an instrument for the payment of money only, commenced by service of a summons and notice of motion for summary judgment in lieu of a complaint, defendants Kaufman and Brill appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Kings County (Feldman, J.) dated September 17, 1982, as granted summary judgment against them, and (2) from a further order of the same court, dated July 31, 1982, which denied their motion for reargument of the decision granting summary judgment. Appeal from order dated July 31, 1982 dismissed, without costs or disbursements. An order denying reargument of a decision is not appealable. Order dated September 17, 1982 reversed, insofar as appealed from, without costs or disbursements, and the plaintiff's motion for summary judgment as against defendants Kaufman and Brill is denied. Plaintiff sued upon a guarantee of "the prompt and complete performance * * * of all the covenants and conditions" which were to be performed under an agreement for the lease of communications equipment. The instrument at bar goes beyond merely guaranteeing the payment of money and, as such, is not an instrument for the payment of money only within the ambit of CPLR 3213 so as to permit institution of this action by means of service of a summons with a motion for summary judgment in lieu of complaint (see *Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151; *Haug v Metal City Findings Corp.,* 47 AD2d 837; *Times Sq. Assoc. v Grayson,* 39 AD2d 845). Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.

■ Charlotte A. Berman, as Administratrix of the Estate of Milton N. Berman, Deceased, Respondent, v Brunswick Hospital Center et al., Defendants, and Myles R. Desner, Appellant. — In a medical malpractice action to recover damages for wrongful death, etc., defendant Desner appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated October 7, 1982, which (1) denied his motion for summary judgment and (2) granted plaintiff's cross motion to vacate a prior order of preclusion. Order reversed, on the law, with costs, appellant's motion for summary judgment is granted and plaintiff's cross motion is denied. Appellant demanded a bill of particulars on October 6, 1981 and, when no response was received, he obtained an order of preclusion, dated July 2, 1982, without opposition. In response to appellant's subsequent motion for summary judgment, plaintiff cross-moved to vacate the preclusion order, proffering the illness of her attorney as an excuse for the delay. Although illness of an attorney may constitute a reasonable excuse for delay in serving a bill of particulars, the illness of plaintiff's attorney began in the latter part of June, 1982, and could therefore not excuse the eight-month delay which had already occurred prior to the onset of the illness (see *Hargett v Health & Hosps. Corp. of City of N. Y.,* 88 AD2d 633; *Alaimo v D&F Tr.,* 35 AD2d 776; *Valentin v Ina Holding Corp.,* 20 AD2d 525). Furthermore, there was no affidavit from a medical expert demonstrating the existence of a meritorious cause of action (see *Ferrigno v St. Charles Hosp.,* 86 AD2d 594; *Sussman v Franklin Gen. Hosp.,* 77 AD2d 567). Accordingly, it was an abuse of discretion to have denied appellant's motion and granted the cross motion. Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.