■ MANCHU TRADING, LTD., Respondent, v LE-MAR INTERNATIONAL GENTLEMEN'S APPAREL, LTD., Appellant.—Order and judgment of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered January 28, 1986, which granted the motion of plaintiff Manchu Trading, Ltd., for summary judgment in lieu of a complaint pursuant to CPLR 3213, are unanimously reversed, on the law, without costs, and the motion for summary judgment in lieu of a complaint denied without prejudice to any further proceedings after service of pleadings. The complaint shall be served within 20 days after service upon plaintiff by defendant of a copy of the order to be entered hereon, with notice of entry, and the answer shall be served within 20 days after service of the complaint.

CPLR 3213 permits a plaintiff to serve a summons and notice of motion for summary judgment in lieu of a complaint in an action "based upon an instrument for the payment of money only". It is well settled, however, that this accelerated procedure is not available when the document sued upon "require[s] something in addition to the defendant's explicit promise to pay a sum of money" or when the defendant comes forward "with evidentiary proof sufficient to raise an issue as to the defenses to the instrument." (*Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155; *see also, Haug v Metal City Findings Corp.,* 47 AD2d 837, 838; *Seaman-And-wall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137-138, *affd* 29 NY2d 617.)

The instant case involves a 15-page stock purchase agreement, a complex document providing for the acquisition of the stock owned by Jack Ormut, a director of defendant Le-Mar,

and his severance from defendant Le-Mar, in consideration for various indemnifications and releases and other conditions to be met by the parties to the agreement: defendant Le-Mar, plaintiff Manchu, Ki-Ro International and Jack Ormut, individually and as agent for plaintiff Manchu and Ki-Ro International. In the entire stock purchase agreement, only paragraph 6 requires and refers to the payment of money. Subsection (a) of paragraph 6 states that defendant Le-Mar is indebted to Ormut, as agent of plaintiff Manchu, in the amount of $191,000. Subsection (b) states that "Le-Mar shall pay Manchu the $191,000 due to Manchu under the Agency Agreement within 10 days after the date of this Agreement in exchange for a general release from Manchu to Le-Mar and Jandel and all of their subsidiaries dated the date of the Payment."

Based upon the alleged fraud of plaintiff Manchu in calculating the amount of indebtedness owed to it by defendant Le-Mar and a contract dispute between the parties, Le-Mar refused to pay the sum of $191,000 demanded. Manchu thereafter commenced the underlying expedited action by moving for summary judgment in lieu of a complaint. Special Term granted plaintiff Manchu's motion, finding that paragraph 6 of the stock purchase agreement stated the obligation to pay clearly, made it independent of other matters in the agreement, and did not require the introduction of extrinsic evidence to establish defendant's liability. We conclude, however, that the instrument is not one for the payment of money only, within the meaning of CPLR 3213, and material issues of fact exist to preclude the grant of summary judgment.

The provision in the agreement providing for the payment of the $191,000 was not a unilateral promise to pay a debt, but a bilateral promise to pay a sum of money in exchange for plaintiff Manchu's tender of a general release to defendant Le-Mar. In fact, the entire agreement is comprised of numerous complex releases, indemnifications, representations and warranties, which cannot properly be separated from paragraph 6. Moreover, defendant Le-Mar's assertions that the underlying transaction and $191,000 debt were tainted by fraud are supported by specific facts sufficient to raise a material issue of fact precluding the grant of summary judgment. Accordingly, the grant of summary judgment under the accelerated procedure available pursuant to CPLR 3213 was inappropriate here, and the order and judgment are reversed. Concur— Kupferman, J. P., Carro, Kassal, Ellerin and Wallach, JJ.