■ RICHARD D. THOMPSON, Respondent, v REYNOLD A. OLSEN, Appellant.—Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered March 11, 1991, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendant's cross motion to dismiss the action for lack of jurisdiction, and judgment of the same court, entered April 22, 1991 pursuant thereto, in favor of plaintiff

and against defendant in the amount of $28,785.75 plus interest, are unanimously affirmed, with costs.

A prima facie case having been made out by proof of the two promissory notes sued on and a failure to make the payments called for therein, the plaintiff was entitled to summary judgment unless defendant came forward with evidentiary proof sufficient to raise a defense to the instruments (*Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155). Defendant responded to plaintiff's motion with a cross motion to dismiss for lack of personal jurisdiction, in which he "reserved" in effect, his defense on the merits. Rejecting the jurisdictional defense, IAS, granted the CPLR 3213 motion on default. No error was committed in doing so. There is no automatic CPLR 3211 (f)-type extension for a dismissal motion made against a CPLR 3213 motion (Siegel, 1986 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:15, 1991 Supp Pamph, at 572-573). And, just as defendant acknowledged his indebtedness to plaintiff when he signed the notes, so too he acknowledged jurisdiction when he signed the acknowledgment of service at the traverse in the presence of the Judicial Hearing Officer. That defendant acted *pro se* did not excuse him from verifying the contents of the acknowledgment he signed. Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.