■ HORIZONS HOTELS CORPORATION, Respondent, v NEW YORK PATROONS, INC., et al., Appellants. [597 NYS2d 791] — Levine, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered March 10, 1992 in Albany County, which, inter alia, granted plaintiff's motion for summary judgment in lieu of complaint, and (2) from an order of said court, entered

September 30, 1992 in Albany County, which denied defendants' motion for reconsideration.

In late May 1989, defendants Joseph J. O'Hara and Glenn Mazula entered into an agreement with Albany Patroons, Inc. (hereinafter API) and Benito Fernandez, the sole stockholder in API, for the sale of API's franchise in the Continental Basketball Association known as the "Albany Patroons" to defendant New York Patroons, Inc. (hereinafter NYPI), a corporation O'Hara and Mazula were to form for the operation of the franchise. In addition to the purchase price of $374,000 recited in the agreement, O'Hara and Mazula agreed to cause NYPI to accept an assignment of a "Consulting Services Agreement" (hereinafter the consulting agreement), apparently also executed in May 1989, between plaintiff (a corporation controlled by Fernandez) and API and to assume API's payment obligations thereunder. O'Hara and Mazula also agreed to cause defendant Diversified Business Enterprises, Inc. (a corporation owned by them) to guarantee all of their contractual obligations and those of NYPI involved in the sale of the franchise.

The consulting agreement provided that plaintiff would render advertising and promotional services to API to enhance ticket sales for the Albany Patroons' games. The agreement set forth two alternative schedules for payment of stated sums by API to plaintiff over a five-year period commencing either June 30, 1990 or June 30, 1991. The consulting agreement contained an acknowledgement that plaintiff, "in anticipation of this contract, increased its staff and total capabilities including the time of Ben R. Fernandez". In consideration for such increase in staff and capabilities, the agreement provided that "there shall be no excusable default from the timely payment of amounts due under this contract, including the quality of performance, or nonperformance, by [plaintiff]".

At the closing, an instrument of assignment of the consulting agreement was executed in which NYPI assumed API's payment obligations therein and acknowledged that such obligations were absolute. The assignment was individually guaranteed by O'Hara, Mazula and Diversified Business Enterprises, Inc. NYPI also executed a "Guaranty and Security Agreement", guaranteeing to make the payments to plaintiff as provided in the consulting agreement and granting plaintiff a security interest in the Continental Basketball Association franchise. This last agreement provided for an acceleration of all payments due under the consulting agreement in the event of a default in any single payment due.

In September 1991, plaintiff commenced this action by service of a summons and notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Plaintiff claims entitlement to a judgment for the accelerated aggregate payments of $468,040, required under the consulting agreement, based upon defendants' failure to make a payment of $41,966 due June 30, 1991. Defendants opposed the motion, contending that the suit was not eligible for treatment under CPLR 3213 because it did not meet the statutory requirement of being based upon an instrument for the payment of money only *(see, id.)*. Defendants also cross-moved for dismissal of the action based upon various defenses. Supreme Court granted plaintiff's motion for summary judgment in all respects, and subsequently denied defendants' motion for reconsideration. These appeals by defendants followed.

First, the consulting agreement, upon which all the payment obligations of defendants concededly must be based, is not an instrument for the payment of money *only*. To qualify that agreement as such an instrument, plaintiff must be able to establish a prima facie case merely by proof of the agreement and a failure to make the payments called for thereunder *(see, Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 155; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *affd* 29 NY2d 617). The consulting agreement does not contain an acceleration clause and, thus, extrinsic proof would be required to establish defendants' liability; this alone bars application of CPLR 3213 *(see, Dann v Bernstein,* 73 AD2d 782). Plaintiff cannot remedy this deficiency by reference to the Guaranty and Security Agreement. That agreement was only executed by NYPI and is, thus, of no legal consequence to the other defendants. Moreover, the acceleration clause in the Guaranty and Security Agreement is not unambiguously reconcilable with that agreement's main thrust, to guarantee and secure the performance of NYPI's assignor's payment obligations under a service agreement which does *not* contain an acceleration clause. Because the resolution of this ambiguity may require additional proof dehors the record, it too is unsuitable for the summary procedures of CPLR 3213 *(see, Dubovsky & Sons v Schwartz,* 75 AD2d 802, 803).

Reversal would be required here even were we to hold that the consulting agreement qualified for treatment under CPLR 3213. Supreme Court erred in denying defendants' motion for renewal, which was based upon proof acquired through deposi-

tions in other litigation involving the parties which were conducted after Supreme Court's initial decision herein. The depositions were those of Fernandez, clearly a witness hostile to defendants, and of the attorney who represented Fernandez and API in the franchise purchase. Thus, the most reasonable inference is that the evidence they gave in their depositions would not have been readily available to defendants before the depositions were taken in time to have been submitted in the first instance in opposition to plaintiff's motion for summary judgment. Under these circumstances, renewal was appropriate (see, Lefkowitz v Nassau County Med. Ctr., 94 AD2d 18, 20-21). The proof submitted by defendants on the renewal motion sufficiently supports possible defenses of lack of consideration, fraud or illegality regarding the contractual obligations upon which plaintiff's suit is based, at least to permit defendants to complete discovery before being required to demonstrate the viability of those defenses on a motion for summary judgment.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the orders are modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiff's motion for summary judgment in lieu of complaint; said motion denied and plaintiff is directed to serve and file a complaint on defendants' attorneys within 20 days after the date of this Court's decision; and, as so modified, affirmed.