■ EMERICK ASSOCIATES, INC., Respondent, v CLASSIC TOOL DESIGN, INC., Appellant. [688 NYS2d 792] —Mercure, J. Appeals (1) from an order of the Supreme Court (Graffeo, J.), entered March 27, 1998 in Albany County, upon a decision of the court in favor of plaintiff, and (2) from a judgment entered thereon.

Plaintiff brought this action to recover the sum of $15,440.33, representing the balance due on a sale of pumps to defendant, together with interest thereon. The complaint alleges causes of action for breach of contract and an account stated. In its

answer, defendant asserts an affirmative defense and counterclaim that the pumps were defective and seeks to recover for claimed business losses resulting therefrom.* Following a nonjury trial, Supreme Court found in favor of plaintiff on both of its causes of action and dismissed the counterclaim. Defendant now appeals, and we affirm.

Initially, we note that, because defendant has advanced no challenge to so much of Supreme Court's order and judgment as was rendered in favor of plaintiff on its breach of contract cause of action, the contention that plaintiff failed to establish its cause of action based upon an account stated is academic. Were we to consider the contention, it would be rejected as meritless in any event. Plaintiff introduced a series of records, including invoices and credit memos, establishing the charges for pumps delivered to defendant, credits for those that were returned and the balance due thereon. Notably, although reflecting a credit of $19,096 for the return of 154 pumps, plaintiff's April 11, 1996 statement also clearly set forth the $15,440.33 balance due on the account and plaintiff's demand for payment in full. The evidence shows that, notwithstanding prior problems with the pumps, defendant never objected to that statement and in fact indicated to plaintiff that it would pay the balance due, but that plaintiff would have to be patient. Under the circumstances, we agree with Supreme Court's finding that the evidence established an account, balanced and rendered, with an express or implied assent to the balance (*see, Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153; *Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429, 431).

Next, based on plaintiff's express notification that it would begin charging a 1.5% monthly finance charge on all balances past due more than 30 days, we conclude that Supreme Court did not err in its award of interest to plaintiff. Further, following Supreme Court's determination to preclude defendant from offering any expert opinion because of defendant's failure to comply with plaintiff's demand that experts be disclosed (*see,* CPLR 3101 [d] [1] [i]), a ruling that is not challenged on appeal, defendant was unable to competently establish that the pumps were defective or that defendant sustained any injury as a result of their condition. Under the circumstances, Supreme Court correctly dismissed defendant's affirmative defense and counterclaim predicated upon plaintiff's alleged breach of warranty.

Defendant's remaining contentions have been considered and found to be lacking in merit.

---

* An additional affirmative defense of payment is not pursued on appeal.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.