*576 OPINION OF THE COURT
Allan B. Weiss, J.
CPLR 3213 allows a plaintiff to commence an action “based upon an instrument for the payment of money only” by serving a summons and notice of motion for summary judgment and supporting papers in lieu of a complaint. “[A] document comes within CPLR 3213 ‘if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms’ ” (Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996], quoting Interman Indus. Prods, v R.S.M. Electron Power, 37 NY2d 151, 155 [1975]; see Diversified Invs. Corp. v DiversiFax, Inc., 239 AD2d 231, 233 [1997]). “The instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document” (Weissman v Sinorm Deli, supra at 444). “ ‘Where the instrument requires something in addition to the defendant’s explicit promise to pay a sum of money, CPLR 3213 is unavailable’ ” (Weissman v Sinorm Deli, supra at 444).
In the instant case the document sued upon is the Josephine Chiarella Family Trust, a revocable inter vivos trust, which was created on May 19, 1999. The Family Trust is a 29-page document with nine articles. The settlor, Josephine Chiarella, was the mother of plaintiff John T. Chiarella and defendant Robert A. Chiarella. Josephine Chiarella and her husband, Antonio Chiarella, were the cotrustees. The Family Trust states that its purpose is to hold property as itemized in “Exhibit A” which was attached to and made part of the agreement, together with “such monies, securities and other assets as the Trustee may hereafter at any time hold or acquire hereunder (said monies, securities and other assets, being hereinafter referred to collectively as the ‘Trust Estate’)” for the purposes of providing income to the settlor during her lifetime, paying her funeral expenses, estate taxes, probate fees, legal and accounting fees related to her estate, satisfying any cash bequests, all inheritance taxes, funding a marital share deduction, providing income for the benefit of her husband or their children during her husband’s lifetime and upon his death, paying the balance of the Trust Estate to their children, per stirpes. The Family Trust agreement provides that if Josephine died, the balance of the Trust Estate would be distributed to her husband if he survived her, and that upon his death, or the settlor’s death if her spouse predeceased her, the trustee would pay the balance of the Trust Estate to the settlor’s children, per stirpes. Josephine Chiarella *577 died on September 29, 1999, and Antonio Chiarella died on September 6, 2002. John and Robert Chiarella are presently the trustees under the terms of the Family Trust.
In determining whether an instrument is one for the payment of money only, the test “is not what the instrument may be reduced to by part performance or by elision of a portion of it . . . but rather how the instrument read in the first instance” (Haug v Metal City Findings Corp., 47 AD2d 837, 838 [1975]; see also Weissman v Sinorm Deli, supra). Plaintiffs claim that the Family Trust comes within the purview of CPLR 3213, based upon a single sentence in the Family Trust, is rejected. The Family Trust goes beyond merely guaranteeing the payment of money, and does not require the payment of any specific amount of money to the plaintiff. In addition, the Family Trust does not contain a specific promise by the defendant to pay a sum of money to the plaintiff. Finally, the Trust Estate’s assets and their value can only be determined through extrinsic means. Therefore, CPLR 3213 is not available here, as the character of the instrument relied upon does not meet the express statutory requirement that it be “for the payment of money only” CHaug v Metal City Findings Corp., supra; see also Kerin v Kaufman, 296 AD2d 336 [2002]).
Defendant states that an action has been commenced to compel an accounting of the estate of Antonio Chiarella, and that he has filed certain objections. It appears that the accounting was commenced in Surrogate’s Court, Suffolk County, while the objections were filed in Surrogate’s Court, Queens County. However, as the issues relating to the Family Trust are solely between living people and the estate of Antonio Chiarella is not a beneficiary of the trust, there is no need to transfer this matter to the Surrogate’s Court.
In view of the foregoing, plaintiffs motion for summary judgment in lieu of complaint is denied, and the motion is converted to a special proceeding under article 77 of the CPLR. The moving papers shall be deemed the petition and answer. Should either party deem it necessary, they may examine one another as trustees as to any matter relating to their administration of the trust in accordance with the provisions of article 31 of the CPLR (CPLR 7701).
Defendant’s cross motion to dismiss the motion is denied in its entirety.