| |
|:---:|
| **Delaney v Delaney** |
| 2025 NY Slip Op 31894(U) |
| May 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151093/2024 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DAVID B. COHEN**                    PART            58

*Justice*

-------------------------------------------------------------------------------X

ANDREW DELANEY,                          INDEX NO.          151093/2024

                        Plaintiff,       MOTION DATE        02/09/2024

            - v -                        MOTION SEQ. NO.        001

JOHN DELANEY,                            **DECISION + ORDER ON**
                                         **MOTION**

                        Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53

were read on this motion to/for        JUDGMENT - SUMMARY IN LIEU OF COMPLAINT .

In this action brought on by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, two brothers, both self-represented, contest certain assets belonging to their late mother.

## BACKGROUND FACTS

Maura Delaney (a/k/a Maura Rubencamp) died in November 2016. Insofar as is relevant here, her will left $1000 to her son Andrew Delaney, plaintiff here; a 2004 car to her son George Delaney (aka George Masters); her "art collection" to George; and certain other property, including her home in Ulster County, to her sons George and John, the defendant here, as joint tenants with rights of survivorship (NYSCEF No. 28).

Shortly after Ms. Delaney died, her son George passed away as well. As a result, John became the sole owner of Ms. Delaney's home. More than seven years later, on March 20, 2024, Andrew became the voluntary administrator of his brother George's estate (NYSCEF No. 50).

On January 11, 2023, the Surrogate of Ulster County entered a final decree settling Ms. Delaney's estate (NYSCEF No. 34). A portion of that decree ordered "that the 2004 Mercedes-Benz (valued at $5,071) be transferred to the Estate of George Delaney, in kind," and an attached schedule lists the "Devise" to George of the "Art collection," without specifying an estimated value (NYSCEF No. 33).

The motion papers filed by plaintiff here place a $15,000 value on the art collection (NYSCEF No. 25), but no supporting evidence is given for this valuation. The Surrogate's decree is the alleged "judgment" on which plaintiff seeks summary judgment here.

Plaintiff's principal claim is that defendant misappropriated the car from George's estate, by selling it and keeping the proceeds for himself, and by keeping the art collection for himself rather than turning it over to plaintiff on behalf of their brother George. Defendant acknowledges the sale of the car, but says it was worth much less than $5,000. He also quarrels with the value of the art collection, which he asserts primarily consists of works by their mother, who was an artist. He also asserts counterclaims (NYSCEF No. 16).

<b><u>ANALYSIS</u></b>

CPLR 3213 provides:

> When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting paper in lieu of a complaint.
>
> *    *    *
>
> If the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise.

A document may be considered an instrument for the payment of money only if a prima facie case may be made out by the instrument and a failure to make payments required by the

151093/2024   DELANEY, ANDREW vs. DELANEY, JOHN
Motion No. 001

Page 2 of 4

2 of 4

instrument. If outside proof is needed, and when the instrument "requires something in addition to the defendant's explicit promise to pay a sum of money, CPLR 3212 is unavailable" (*Weissman v Sinorm Dell, Inc.,* 88 NY2d 437, 444 [1996] [citations omitted]).

Here, there is no basis for finding that the Surrogate's decree constitutes an instrument for the payment of money only or a "judgment" which can be enforced in this manner, as it does not contain an explicit promise to pay a set sum of money (*see Matter of Estate of Peck*, 191 AD3d 537 [1st Dept 2021] [plaintiff failed to establish entitlement to summary judgment in lieu of complaint as right to payment could not be determined solely from face of debt instruments]; *Chiarella v Chiarella*, 16 Misc 3d 575 [Sup Ct, Queens County 2007] [denying summary judgment in lieu of complaint as document at issue was trust agreement, which did not require payment of specific amount of money]).

Moreover, plaintiff has not established the value of either the car or the art collection in order for a calculation to be made as to his alleged damages, and defendant has asserted various defenses and counterclaims (*see e.g. Engel v Boymelgreen*, 80 AD3d 653 [2d Dept 2011] [letter did not qualify pursuant to CPLR 3213 as it did not contain promise by defendant to pay specific sum to plaintiff by set date]).

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment in lieu of complaint is denied; and it is further

ORDERED that the plaintiff's moving papers, consisting of the summons with exhibits (NYSCEF 1-10), amended notice of motion and exhibits (NYSCEF 25-40), and memorandum of law in reply and exhibits (NYSCEF 42-46) are hereby deemed the complaint in this action and

**151093/2024   DELANEY, ANDREW vs. DELANEY, JOHN**
Motion No.  001

**Page 3 of 4**

3 of 4

[* 3]

the defendant's answering papers, consisting of opposition papers and exhibits (NYSCEF 47-

51), are hereby deemed the answer.

20250530132719DBCOHEN24AFB0F8DF0649ADAAC9B50ABC2632A6

__5/30/2025__
__DATE__

__DAVID B. COHEN, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

__151093/2024   DELANEY, ANDREW vs. DELANEY, JOHN__
__Motion No.  001__

__Page 4 of 4__

4 of 4

[* 4]